1  Todd M. Friedman (SBN 216752)
   Adrian R. Bacon (SBN 280332)
2  **LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
3  21550 Oxnard Street, Suite 780
   Woodland Hills, CA 91367
4  Phone: 323-306-4234
   Fax: 866-633-0228
5  tfriedman@toddflaw.com
6  abacon@toddflaw.com

7  *Attorneys for Plaintiff, Michael Dotson and all others similarly situated*

8                    IN THE UNITED STATES DISTRICT COURT
9
                     FOR THE CENTRAL DISTRICT OF CALIFORNIA
10

11 MICHAEL DOTSON, individually,            Case No.
   and on behalf of other members of
12 the general public similarly situated,
                                            **CLASS ACTION COMPLAINT**
13              Plaintiff,
                                            (1)  Violation of Unfair Competition
14        vs.                                    Law (Cal. Business & Professions
                                                 Code §§ 17500 *et seq.*) and
15 EURO PHARMA, INC. d/b/a                   (2)  Violation of Unfair Competition
   TERRY NATURALLY,                               Law (Cal. Business & Professions
16                                               Code §§ 17200 *et seq.*)
               Defendant.                   (3)  Common Law Fraud
17
                                            (4)  Unjust Enrichment
18
19                                          **Jury Trial Demanded**
20

21

22

23

24

25

26

27

28

Plaintiff MICHAEL DOTSON ("Plaintiff"), individually and on behalf of all other members of the public similarly situated, allege as follows:

## PRELIMINARY STATEMENTS

1.     This is an action for damages, injunctive relief, and any other available legal or equitable remedies, for violations of Unfair Competition Law (Cal. Business & Professions Code §§ 17500 *et seq*., Unfair Competition Law (Cal. Business & Professions Code §§ 17200 *et seq.*, common law fraud, and unjust enrichment, resulting from the illegal actions of Defendant, in intentionally labeling its curcumin and turmeric supplements as providing "pain relief", when Defendant's products do not relieve pain. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction pursuant to 28 U.S.C. §1332(d), because the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest or costs and is a class action in which the members of the class are citizens of a State different from the Defendant.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred in this District, and Defendant does business, <u>inter alia</u>, in the Central District of California.

## PARTIES

4.    Plaintiff is an individual who was at all relevant times residing in Reseda, California.

5.    On information and belief, Defendant is a Wisconsin corporation whose principal place of business is located in Green Bay, Wisconsin.

6.    At all times relevant hereto, Defendant was engaged in the manufacturing, marketing, and sale of vitamin and supplement products.

## FACTS COMMON TO ALL COUNTS

7.    Defendant manufactures, advertises, markets, sells, and distributes curcumin products throughout California and the United States under brand name "Curamin."

8.    During the Class Period the following list of products (the "Products") were advertised as providing effective pain relief when they do not:

        a.    Curamin: Extra Strength pain relief;

        b.    Curamin:  Headache Relief;

        c.    Curamin: Pain Relief;

        d.    Curamin: Stop Pain Now;

        e.    Curamin PM: Nighttime Pain.

9.    During the Class Period Plaintiff purchased at least one of the Products.

10.    Plaintiff's most recent purchase was during or about September 2020.

11.     Plaintiff used Defendant's Curamin Pain Relief product and did not experience any pain relieving effects.

12.     Persons, like Plaintiff herein, have an interest in purchasing products that do not contain false and misleading claims with regards to the qualities of those products.

13.     By making false and misleading claims about the pain relieving effects of its products Defendant impaired Plaintiff's ability to choose the type and quality of products he chose to buy.

14.     Therefore, Plaintiff has been deprived of his legally-protected interest to obtain true and accurate information about his consumer products as required by California and Federal law.

15.     As a result Plaintiff has been misled into purchasing products he would not have otherwise

16.     Plaintiff     purchased     Defendant's     product     because     Defendant's packaging claims that its products are effective pain relievers.

17.     On information and belief, Defendant's product has not been clinically proven to work as effective pain relievers.

18.     Defendant's products claim to be effective pain relievers based on the inclusion of curcumin.

19.    Curcumin    (1,7-bis(4-hydroxy-3-methoxyphenyl)-1,6-heptadiene-3,5-dione), also called diferuloylmethane, is the main natural polyphenol found in the rhizome of *Curcuma longa* (turmeric) and in others *Curcuma* spp.[1]

20.    Studies of curcumin have consistently shown that after using dietary supplementation of curcumin for extended periods, ranging from weeks to months, may help to reduce inflammation; but have not consistently shown that the same extended dietary supplementation results in reduced muscle soreness associated with exercise. [2]

21.    Studies have not shown that curcumin can be used to relieve muscle pain.[3]

22.    Defendant's products do not disclose that curcumin has not been proven to relieve pain a consumer is currently experiencing.

23.    Plaintiff would not have been able to understand that the Products do not relieve pain prior to consuming them.

---

[1] Susan J. Hewlings, Douglas S. Kalman, Curcumin: a review of its effects on human health,    https://www.ncbi.nlm.nih.gov/pmc/articles/PMC5664031/#B11-foods-06-00092
[2] Id.
[3] Id.

24.     Furthermore, due to Defendant's intentional, deceitful practice of falsely labeling the Products as providing effective pain relief, Plaintiff could not have known that the Products do not relieve pain.

25.     Plaintiff was unaware that the Products do not relieve pain when he purchased them.

26.     Plaintiff and the Class were deceived into paying money for products they did not want because the Products were labeled as effective pain relievers.

27.     Worse than the lost money, Plaintiff, the Class, and Sub-Class were deprived of their protected interest to choose the products they ingest.

28.     Defendant, and not Plaintiff, the Class, or Sub-Class, knew or should have known that the Products' express labeling stating "Effective Pain Relief" was false, deceptive, and misleading, and that Plaintiff, the Class, and Sub-Class members would not be able to tell the Products do not provide pain relief unless Defendant expressly told them, as required by law.

29.     Defendant employs professionals to create the formulas of Defendant's products. Therefore, Defendant through its employees knew or should have known that the products do not relieve pain.

30.     On information and belief, Defendants through their employees did know that the products do not provide pain relief and are not proven to be effective.

31.     As a result of Defendants' acts and omissions outlined above, Plaintiff has suffered concrete and particularized injuries and harm, which include, but are not limited to, the following:

    a.     Lost money;

    b.     Wasting Plaintiff's time; and

    c.     Stress, aggravation, frustration, loss of trust, loss of serenity, and loss of confidence in product labeling.

## CLASS ALLEGATIONS

32.     Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of the proposed class (the "Class"), defined as follows:

> All persons within the United States who purchased the Products within four years prior to the filing of this Complaint through to the date of class certification.

33.     Plaintiff also brings this action on behalf of himself and all others similarly situated, as a member of the proposed sub-class (the "Sub-Class"), defined as follows:

> All persons within California who purchased the Products within four years prior to the filing of this Complaint through to the date of class certification.

34.     Defendants, their employees and agents are excluded from the Class and Sub-Class. Plaintiff does not know the number of members in the Class and Sub-Class, but believes the members number in the thousands, if not more. Thus, this

matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

35.     The Class and Sub-Class are so numerous that the individual joinder of all of their members is impractical. While the exact number and identities of their members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that the Class and Sub-Class include thousands, if not millions of members. Plaintiff alleges that the class members may be ascertained by the records maintained by Defendant.

36.     This suit is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23(a) because the Class and Sub-Class are so numerous that joinder of their members is impractical and the disposition of their claims in the Class Action will provide substantial benefits both to the parties and the Court.

37.     There are questions of law and fact common to the Class affecting the parties to be represented. The questions of law and fact common to the Class predominate over questions which may affect individual class members and include, but are not necessarily limited to, the following:

       a.     Whether the Defendant intentionally, negligently, or recklessly disseminated false and misleading information by including the statements "pain relief" or "effective pain relief" on the front of the Products' packaging;

b.    Whether the Class and Sub-Class members were informed of the unproven and ineffective in the Products;

c.    Whether the Products are proven, effective pain relievers;

d.    Whether Defendant's conduct was unfair and deceptive;

e.    Whether Defendant unjustly enriched itself as a result of the unlawful conduct alleged above;

f.    Whether the statement "pain relief" is misleading or false;

g.    Whether there should be a tolling of the statute of limitations; and

h.    Whether the Class and Sub-Class are entitled to restitution, actual damages, punitive damages, and attorney fees and costs.

38.    As a resident of the United States and the State of California who purchased the Products, Plaintiff is asserting claims that are typical of the Class and Sub-Class.

39.    Plaintiff has no interests adverse or antagonistic to the interests of the other members of the Class and Sub-Class.

40.    Plaintiff will fairly and adequately protect the interests of the members of the Class and Sub-Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

41.    A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class and Sub-Class members is impracticable. Even if every Class and Sub-Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments and would magnify the delay and expense to all parties, and to the court system, resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system and protects the rights of each class member. Class treatment will also permit the adjudication of relatively small claims by many class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

42.    The prosecution of separate actions by individual members of the Class and Sub-Class would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party class members to protect their interests.

43.     Plaintiff's claims and injuries are identical to the claims and injuries of all class and sub-class members, because all claims and injuries of all class and sub-class members are based on the same false labeling and same legal theory. All allegations arise from the identical, false, affirmative written statements made by Defendants when they claimed the Products provide "pain relief" when in reality the Products do not provide pain relief and have never been proven to provide effective pain relief.

44.     Defendants have acted or refused to act in respect generally applicable to the Class and Sub-Class thereby making appropriate final and injunctive relief with regard to the members of the Class and Sub-Class as a whole.

45.     The size and definition of the Class and Sub-Class can be identified through records held by retailers carrying and reselling the Products, and by Defendant's own records.

### FIRST CAUSE OF ACTION
### Violation of the California False Advertising Act
### (Cal. Bus. & Prof. Code §§ 17500 *et seq.*)

41.     Plaintiff incorporates by reference each allegation set forth above.

42.     Pursuant to California Business and Professions Code section 17500, *et seq.*, it is unlawful to engage in advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading...or...to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so

advertised at the price stated therein, or as so advertised."

43.     California Business and Professions Code section 17500, *et seq.*'s prohibition against false advertising extends to the use of false or misleading written statements.

44.     Defendant misled consumers by making misrepresentations and untrue statements about the Class Products, namely, Defendant sold the Products advertised as providing pain relief fully knowing the Products do not provide pain relief and have never been proven to provide effective pain relief, and made false representations to Plaintiff and other putative class members in order to solicit these transactions.

45.     Specifically, Defendant wrote on the packages of these Products that they provide pain relief.

46.     Defendant knew that their representations and omissions were untrue and misleading, and deliberately made the aforementioned representations and omissions in order to deceive reasonable consumers like Plaintiff and other Class Members.

47.     As a direct and proximate result of Defendant's misleading and false advertising, Plaintiff and the other Class Members have suffered injury in fact and have lost money or property.   Plaintiff reasonably relied upon Defendant's representations regarding the Products, namely that they  provide pain relief.  In reasonable reliance on Defendant's false advertisements, Plaintiff and other Class Members purchased the Products.  In turn Plaintiff and other Class Members ended up with supplement products that turned out to actually be different than advertised, and therefore Plaintiff and other Class Members have suffered injury in fact.

48.     Plaintiff alleges that these false and misleading written representations made by Defendant constitute a "scheme with the intent not to sell that personal

property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

49.     Defendant advertised to Plaintiff and other putative class members, through written representations and omissions made by Defendant and its employees, that the Class Products would provide pain relief.

50.     Defendant knew that the Class Products do not provide pain relief and have never been proven to provide pain relief.

51.     Thus, Defendant knowingly sold Class Products to Plaintiff and other putative class members that do not provide pain relief contrary to the Products packaging.

52.     The misleading and false advertising described herein presents a continuing threat to Plaintiff and the Class Members in that Defendant persists and continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.   Defendant's conduct will continue to cause irreparable injury to consumers unless enjoined or restrained.   Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendant to cease their false advertising, as well as disgorgement and restitution to Plaintiff and all Class Members Defendant's revenues associated with their false advertising, or such portion of those revenues as the Court may find equitable.

## SECOND CAUSE OF ACTION
### Violation of Unfair Business Practices Act
### (Cal. Bus. & Prof. Code §§ 17200 *et seq.*)

53.     Plaintiff incorporates by reference each allegation set forth above.

54.     Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL.   Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices.   A plaintiff is required to provide evidence of a causal

connection between a defendant's business practices and the alleged harm--that is, evidence that the defendant's conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm.  Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

## UNFAIR

55.     California Business & Professions Code § 17200 prohibits any "unfair … business act or practice."  Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.  There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.  Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices.  Such conduct is ongoing and continues to this date.

56.     In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

57.     Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiff and members of the Class.  Plaintiff and members of the Class have suffered injury in fact due to Defendant's decision to sell them falsely labeled products (Class Products). Thus, Defendant's conduct has caused

substantial injury to Plaintiff and the members of the Sub-Class.

58.     Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit of any kind to any consumer.  Such deception utilized by Defendant convinced Plaintiff and members of the Class that the Class Products provided pain relief, in order to induce them to spend money on said Class Products.  In fact, knowing that Class Products, do not provide pain relief and have never been proven to provide pain relief, unfairly profited from their sale, in that Defendant knew that the expected benefit that Plaintiff would receive from this feature is nonexistent, when this is typically never the case in situations involving qualities said to be contained with a product.  Thus, the injury suffered by Plaintiff and the members of the Sub-Class is not outweighed by any countervailing benefits to consumers.

59.     Finally, the injury suffered by Plaintiff and members of the Class and Sub-Class is not an injury that these consumers could reasonably have avoided. After Defendant, falsely represented that Class Products would relieve pain, the Plaintiff, Class members, and Sub-Class Members suffered injury in fact due to Defendant's sale of Class Products to them.  Defendant failed to take reasonable steps to inform Plaintiff and class members that the Class Products do not provide pain relief and have never been proven to provide pain relief, including intentionally mislabeling the Products by labeling them as providing pain relief. As such, Defendant took advantage of Defendant's position of perceived power in order to deceive Plaintiff and the Class members to purchase products that do not provide pain relief. Therefore, the injury suffered by Plaintiff and members of the Class is not an injury which these consumers could reasonably have avoided.

60.     Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

**FRAUDULENT**

61.     California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice."  In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

62.     The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived.  Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

63.     Here, not only were Plaintiff and the Class members likely to be deceived, but these consumers were actually deceived by Defendant.  Such deception is evidenced by the fact that Plaintiff agreed to purchase Class Products under the basic assumption that they relieved pain even though the Products do not provide pain relief and have not been proven to provide pain relief.  Plaintiff's reliance upon Defendant's deceptive statements is reasonable due to the unequal bargaining powers of Defendant and Plaintiff. For the same reason, it is likely that Defendant's fraudulent business practice would deceive other members of the public.

64.     As explained above, Defendant deceived Plaintiff and other Class Members by representing the Class Products as providing pain relief when the Products do not provide pain relief and have not been proven to provide pain relief.

65.     Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

**UNLAWFUL**

66.     California Business and Professions Code Section 17200, et seq. prohibits "any unlawful…business act or practice."

67.     As explained above, Defendant deceived Plaintiff and other Class Members by representing the Class Products as providing pain relief when the Products do not provide pain relief and have not been proven to provide pain relief.

68.     Defendant used false advertising, marketing, and misrepresentations to induce Plaintiff and Class Members to purchase the Class Products, in violation of California Business and Professions Code Section 17500, et seq. Had Defendant not falsely advertised, marketed or misrepresented the Class Products, Plaintiff and Class Members would not have purchased the Class Products. Defendant's conduct therefore caused and continues to cause economic harm to Plaintiff and Class Members.

69.     These representations by Defendant are therefore an "unlawful" business practice or act under Business and Professions Code Section 17200 *et seq*.

70.     Defendant has thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff and Class Members to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief. Additionally, pursuant to Business and Professions Code section 17203, Plaintiff and Class Members seek an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to correct its actions.

## THRID CAUSE OF ACTION
## COMMON LAW FRAUD

71.     Plaintiff incorporates all of the allegations and statements made above as if fully reiterated herein.

72.     Through its false statements on the Products' packaging that the Products provide pain relief, Defendant made false statements of material fact.

73.     At the time Defendant made its statements that the Products provide pain relief to Plaintiff, it knew, or reasonably should have known, that the statements described above were false.

74.     At the time Defendant made the statement to Plaintiff, it intended to induce Plaintiff to purchase the Products.

75.     Plaintiff relied upon the truth of the statements described above and purchased the Products, only to find that the Products do not provide pain relief and have not been proven to provide pain relief.

76.     As a result of their reasonable reliance upon Defendant's false statements of material fact as set forth above, Plaintiff and other members of the Class and Sub-Class have suffered concrete and particularized injuries, harm and damages which include, but are not limited to, the loss of money spent on products they did not want to buy, and stress, aggravation, frustration, inconvenience, emotional distress, mental anguish, and similar categories of damages.

**FOURTH CAUSE OF ACTION**
**UNJUST ENRICHMENT**

77.      Plaintiff incorporates all of the allegations and statements made above as if fully reiterated herein.

78.     Plaintiff conferred monetary benefits to Defendant by purchasing the Products.

79.     Defendant has been unjustly enriched by retaining the revenues derived from Plaintiff's purchase of the Products based on the false statement that the Products provide pain relief.

80.     Defendant's retention of the revenue it received from Plaintiff, the Class, and the Sub-Class is unjust and inequitable because Defendant's false statements caused injuries to Plaintiff, the Class, and the Sub-Class, because they would not have purchased the Products if they knew the Products do not provide pain relief and have not been proven to provide pain relief.

81.     Defendant's unjust retention of the benefits conferred on it by

Plaintiff, the Class, and the Sub-Class entitles the Plaintiff, the Class, and the Sub-Class to restitution of the money they paid to Defendant for the Products.

## MISCELLANEOUS

82.     Plaintiff and Class Members allege that they have fully complied with all contractual and other legal obligations and fully complied with all conditions precedent to bringing this action or all such obligations or conditions are excused.

## REQUEST FOR JURY TRIAL

83.     Plaintiff requests a trial by jury as to all claims so triable.

## PRAYER FOR RELIEF

84.     Plaintiff, on behalf of herself and the Class, requests the following relief:

(a)     An order certifying the Class and appointing Plaintiff as Representative of the Class;

(a)     An order certifying the undersigned counsel as Class Counsel;

(b)     An order requiring Euro Pharma Inc., at its own cost, to notify all Class Members of the unlawful and deceptive conduct herein;

(c)     An order requiring Euro Pharma Inc. to engage in corrective advertising regarding the conduct discussed above;

(d)     Actual damages suffered by Plaintiff and Class Members as applicable or full restitution of all funds acquired from Plaintiff and Class Members from the sale of mislabeled Class Products during the relevant class period;

(e)     Punitive damages, as allowable, in an amount determined by the Court or jury;

(f)     Any and all statutory enhanced damages;

(g)    All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;

(h)    Pre- and post-judgment interest; and

(i)    All other relief, general or special, legal and equitable, to which Plaintiff and Class Members may be justly entitled as deemed by the Court.

Dated:  October 21, 2020      Respectfully submitted,

LAW OFFICES OF TODD M. FRIEDMAN , PC


By: /s Todd. M. Friedman
TODD M. FRIEDMAN, ESQ.
Attorney for Plaintiff Michael Dotson

CLASS ACTION COMPLAINT