BLANK ROME LLP
Ana Tagvoryan (SBN 246536)
atagvoryan@blankrome.com
Erika Schulz (SBN 313289)
eschulz@blankrome.com
Dustin Moaven (SBN 320939)
dmoaven@blankrome.com
2029 Century Park East | 6th Floor
Los Angeles, CA 90067
Telephone:  424.239.3400
Facsimile:   424.239.3434

Attorneys for Defendant
EUROPHARMA, INC. d/b/a TERRY NATURALLY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| MICHAEL DOTSON, individually, and on behalf of other members of the general public similarly situated, | Case No. 2:20-cv-09651-AB-AGR |
|---|---|
| Plaintiff, | *Assigned to the Hon. André Birotte, Jr.* |
| vs. | Class Action |
| EUROPHARMA, INC. d/b/a TERRY NATURALLY, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT EUROPHARMA INC.'S MOTION TO DISMISS SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6), (B)(1) AND TO STRIKE PURSUANT TO FED. R. CIV. P. 12(F)(2)** |
| Defendant. | (*Notice of Motion, Declaration of Erika Schulz, Request for Judicial Notice, and [Proposed] Order filed concurrently herewith*) |
| | Date:      April 16, 2021 |
| | Time:      10:00 a.m. |
| | Dept:      Courthouse 7B |
| | Complaint Filed: October 21, 2020 |
| | SAC Filed:          February 26, 2021 |
| | Trial Date:          None set |

160979.00601/125322421v.3

# TABLE OF CONTENTS

Page

I.      INTRODUCTION ..................................................................................... 1

II.     BACKGROUND ...................................................................................... 1

III.    LEGAL STANDARD ............................................................................... 3

IV.     ARGUMENT............................................................................................ 4

        A.      Plaintiff Cannot Meet the UCL, FAL, and CLRA's Reasonable
                Consumer Standard or the Reasonable Reliance Element of
                Common Law Fraud as a Matter of Law. ..................................... 4

        B.      Plaintiff Fails to Plead an Actionable Misrepresentation. ........................ 7

        C.      Plaintiff's SAC Fails to Meet the Heightened Pleading Standards
                for Fraud-Based Claims Under Rule 9(b). ................................... 9

                1.      Plaintiff Fails to Plead the Circumstances of the Alleged
                        Fraud with the Requisite Specificity. .............................. 9

                2.      Plaintiff Fails to Plead the Product Labels and
                        Advertisements at Issue with the Requisite Specificity. .............. 11

                3.      Plaintiff Has Not Sufficiently Alleged Standing to Assert
                        Claims Based on The Labeling of Products He Did Not
                        Purchase. .................................................................. 13

        D.      Plaintiff's Claims for Damages, Restitution, Injunctive Relief, and
                Statutory Enhanced Damages are Improper and Should Be
                Stricken...................................................................................... 15

                1.      Defendant's Unconditional Moneyback Guarantee Moots
                        Plaintiff's Claim for Damages and/or Restitution. ..................... 15

                2.      Plaintiff Lacks Standing to Seek Injunctive Relief. ...................... 16

                3.      Plaintiff Pleads No Basis for "Statutory Enhanced
                        Damages." .................................................................. 18

V.      CONCLUSION ....................................................................................... 19

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT EUROPHARMA,
INC.'S MOTION TO DISMISS SECOND AMENDED COMPLAINT AND TO STRIKE**

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Anunziato v. eMachines, Inc.*
402 F. Supp. 2d 1133 (C.D. Cal. 2005) ..................................................... 8

*Ashcroft v. Iqbal*,
556 U.S. 662 .............................................................................................. 3

*Bates v. United Parcel Serv., Inc.*,
511 F.3d 974 (9th Cir. 2007) ................................................................... 16

*Bell Atlantic Corp. v. Twombly*,
500 U.S. 554 (2007)................................................................................... 3

*Cattie v. Wal-Mart Stores, Inc.*,
504 F. Supp. 2d 939 (S.D. Cal. 2007) ........................................... 16, 17, 18

*Chapman v. Pier 1 Imports (U.S.) Inc.*,
631 F.3d 939 (9th Cir. 2011) ................................................................... 16

*Chavez v. Nestle USA, Inc.*,
No. 09-9192, 2011 WL 2150128 (C.D. Cal. May 19, 2011), *reversed
in part on other grounds* .......................................................................... 7

*Cortina v. Goya Foods, Inc.*,
No. 14-CV-169-L NLS, 2015 WL 1411336 (S.D. Cal. Mar. 19, 2015) ................ 14

*Delacruz v. Cytosport, Inc.*,
No. C 11-3532 CW, 2012 WL 1215243 (N.D. Cal. Apr. 11, 2012) ........................ 4

*Dias v. Nationwide Life Ins. Co.*,
700 F. Supp. 2d 1204 (E.D. Cal. 2010) ..................................................... 6

*Dysthe v. Basic Research LLC*,
No. CV 09-8013 AG, 2011 WL 5868307 (C.D. Cal. June 13, 2011) .................... 14

*Ebner v. Fresh, Inc.*,
838 F.3d 958 (9th Cir. 2016) ............................................................... 4, 6

*Forcellati v. Hyland's, Inc.*,
   No. CV121983GHKMRWX, 2015 WL 9685557 (C.D. Cal. Jan. 12,
   2015) ...................................................................................................... 7

*Fraker v. Bayer Corp.*,
   No. 08-1564, 2009 WL 5865687 ............................................................ 7

*Freeman v. Time, Inc.*,
   68 F.3d 285 (9th Cir. 1995) .................................................................... 4

*Gallagher v. Chipotle Mexican Grill, Inc.*,
   No. 15-cv-03952-HSG, 2016 WL 454083 (N.D. Cal. Feb. 5, 2016) .............. 14, 17

*In re GlenFed, Inc. Sec. Litig.*,
   42 F.3d 1541 (9th Cir. 1994), *superseded by statute on other grounds* ................... 9

*Hadley v. Kellogg Sales Co.*,
   243 F. Supp. 3d 1074 (N.D. Cal. 2017) ................................................. 16

*Hansen v. Newegg.com Americas, Inc.*,
   25 Cal. App. 5th 714, 723, 236 Cal. Rptr. 3d 61 (2018) ........................ 15

*Janney v. Mills*,
   944 F. Supp. 2d 806 (N.D. Cal. 2013) .............................................. 12, 13

*Johns v. Bayer Corp.*,
   No. 09-1935, 2013 WL 1498965 (S.D. Cal. Apr. 10, 2013) ..................... 7

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) ............................................................... 9

*Kwikset Corp. v. Superior Court*,
   51 Cal. 4th 310 (2011) ......................................................................... 14

*Larsen v. Trader Joe's Co.*,
   No. C 11-01588 SI, 2012 WL 5458396 (N.D. Cal. June 14, 2012) ......... 13

*Lavie v. Procter & Gamble Co.*,
   105 Cal.App.4th 496 (2003) ................................................................... 4

*Lewis v. Casey*,
   518 U.S. 343 (1996) ............................................................................ 13

160979.00601/125322421v.3

iii

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT EUROPHARMA,
INC.'S MOTION TO DISMISS SECOND AMENDED COMPLAINT AND TO STRIKE**

*Loomis v. Slendertone Distribution, Inc.*,
    420 F. Supp. 3d 1046 (S.D. Cal. 2019) ................................................... 3, 4

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) ................................................................ 13, 16

*Martinez v. Hammer Corp.*,
    No. CV0906135MMMAGRX, 2010 WL 11507562 (C.D. Cal. Jan.
    29, 2010) .............................................................................. 5

*Maya v. Centex Corp.*,
    658 F.3d 1060 (9th Cir. 2011) ............................................................ 3

*Miller v. Ghirardelli Chocolate Co.*,
    912 F. Supp. 2d 861 (N.D. Cal. 2012) .................................................. 14

*Nat'l Council Against Health Fraud, Inc. v. King Bio Pharm., Inc.*,
    107 Cal. App. 4th 1336, 133 Cal. Rptr. 2d 207 (2003) ............................ 7

*Richardson v. Reliance Nat. Indem. Co.*,
    No. C 99-2952 CRB, 2000 WL 284211 (N.D. Cal. Mar. 9, 2000) ........... 11

*Ries v. Hornell Brewing Co.*,
    2011 WL 1299286 (N.D. Cal. Apr. 4, 2011) ........................................ 12

*Samica Enterprises LLC v. Mail Boxes Etc., Inc.*,
    460 F. App'x 664 (9th Cir. 2011) ........................................................ 4

*Shaffer v. Debbas*,
    17 Cal. App. 4th 33 (1993) ............................................................... 16

*Smith v. Allstate Ins. Co.*,
    160 F. Supp. 2d 1150 (S.D. Cal. 2001) ....................................... 9, 10, 11

*Strumlauf v. Starbucks Corp.*,
    192 F. Supp. 3d 1025 (N.D. Cal. 2016) ............................................... 17

*Vegas Diamond Properties, LLC v. LA Jolla Bank, FSB*,
    10CV1205-WQH-BGS, 2010 WL 3910477 (S.D. Cal. Oct. 4, 2010) ...... 18

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) ............................................................ 9

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT EUROPHARMA, INC.'S MOTION TO DISMISS SECOND AMENDED COMPLAINT AND TO STRIKE**

*Von Koenig v. Snapple Beverage Corp.*,
   713 F.Supp.2d 1066 (E.D.Cal.2010) ........................................................ 12

*Williams v. Gerber Prod. Co.*,
   552 F.3d 934 (9th Cir. 2008) ................................................................... 4

*Yumul v. Smart Balance, Inc.*,
   733 F. Supp. 2d 1117 (C.D. Cal. 2010) ..................................... 4, 5, 12, 13

**Statutes**

Cal. Bus. & Prof. Code §§ 17203, 17204, 17535 ........................................ 16

Cal. Bus. & Prof. Code § 17206 ................................................................... 18

Cal. Bus. & Prof. Code § 17500 ................................................................... 18

Cal. Civ. Code § 1780 .................................................................................... 18

California's Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750 *et
   seq.* ............................................................................................................ 2

California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et
   seq.* ............................................................................................................ 1

California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200
   *et seq.* ........................................................................................................ 2

**Other Authorities**

Fed. R. Civ. P. 12(b)(1), 12(b)(6) .................................................................. 3

Federal Rule of Civil Procedure 12(b)(6) ..................................................... 3

Federal Rule of Civil Procedure 12(f)(2) ...................................................... 4

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT EUROPHARMA,
INC.'S MOTION TO DISMISS SECOND AMENDED COMPLAINT AND TO STRIKE**

## I.   INTRODUCTION

In his Second Amended Complaint ("SAC"), Plaintiff Michael Dotson ("Plaintiff") brings statutory and common law claims on behalf of a putative nationwide class of consumers for false advertising and fraud based on the argument that Defendant EuroPharma, Inc. ("Defendant")'s Curcumin "pain relief products" do not adequately inform consumers that the products are not pain relievers. However, none of Plaintiffs' purported bases for falsity or fraud hold water. First, Plaintiff admits that he and other consumers understand the products to be mere dietary supplements that *expressly represent* to consumers that they are intended only for "occasional muscle pain due to exercise and overuse," and are not medicinal. Second, Plaintiff admits that he read and understood this disclaimer and the products' intended purpose of dietary supplementation at the time of his purchase. Third, Plaintiff's entire allegation of falsity and fraud is based not on any scientific study or evidence, but instead on his unilateral decision to take the supplement for one week while exercising for thirty minutes a day for five days, as a way to test the products' effectiveness in relieving "exercise induced muscle soreness and pain." The law imposes a reasonableness standard for consumer fraud and deception claims. Moreover, the law imposes an obligation on the part of every plaintiff to plead fraud-based claims with a certain level of specificity. Neither standard is met here; nor has Plaintiff demonstrated that he is entitled to damages, restitution, injunctive relief, or statutorily enhanced damages. Accordingly, the SAC is subject to dismissal. What is more, given the undisputed evidence of which this Court may take judicial notice—the webpage that Plaintiff admits he visited—Plaintiff cannot further amend the complaint and the Order dismissing the case should be entered with prejudice.

## II.   BACKGROUND

Plaintiff filed his operative SAC on February 26, 2021, bringing putative class action claims for (1) violation of California's False Advertising Law, Cal. Bus. & Prof.

1

Code §§ 17500 *et seq.* ("FAL"); (2) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.* ("UCL"); (3) common law fraud; and (4) violation of California's Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.* ("CLRA"). Each of these causes of action rests on Plaintiff's central claim that Defendant labeled and/or advertised four products as providing pain relief, although they allegedly do not relieve pain. (*Id.*)   The four products at issue are identified as Curamin Extra Strength Pain Relief, Curamin Pain Relief, Curamin Stop Pain Now (a product which Defendant no longer sells), and Curamin Low Back Pain. (SAC ¶ 8.)

Plaintiff alleges that he purchased only the Curamin Pain Relief product from Defendant's website once and does not allege that he purchased any other subject products. (SAC ¶ 9.) Plaintiff provides a sample of the purchased product's packaging label and acknowledges that the label includes a visible disclaimer linked to the "Pain Relief" claim, which reads: "Occasional muscle pain due to exercise or overuse." (SAC ¶¶ 13-14.) Plaintiff expressly alleges that he "noticed" the disclaimer and "noted" its qualifying language when purchasing the product. (SAC ¶ 14.)

Plaintiff does not provide the labels for any of the three unpurchased products, and he does not provide the content or context of the website page from which he allegedly made his single purchase approximately six months ago. Even more, although Plaintiff vaguely alleges that all of the products are labeled with "affirmative statements including" the claims "Safe Effective Pain Relief" and "Safe, Effective, Non-Addictive Pain Relief," he does not allege that the rest of the labeling for all four products— including any qualifications or instructions for use—are substantially similar or identical. (SAC ¶ 9.)

Plaintiff alleges that the "pain relief" claims are false because he used the purchased product, Curamin Pain Relief ("Product"), per the serving size on the product label for a total of one week, during which time he "exercised approximately half an hour per day, five days a week." (SAC ¶ 16.) He claims that he experienced muscle

soreness and pain after exercising. (SAC ¶ 17.) He further claims that he used the Product on each of the five days that he exercised, but that "after consuming the Product and waiting approximately 30-45 minutes, the product did not remove, mitigate, lessen, or relieve Plaintiff's exercise induced muscle soreness and pain." (SAC ¶ 18.) As a result, he stopped using the Product. (SAC ¶ 19.)

Based on his own idiosyncratic testing parameters, and notwithstanding the claim qualification he expressly acknowledges (including the explicit term "occasional"), Plaintiff alleges that the products purport to generally relieve pain, without referencing the qualification, and that they failed to relieve *his* pain within an arbitrary 45 minutes. (*See e.g.,* SAC ¶¶ 30-32 ("…the Products do not relieve pain…"), 44 ("Defendant sold the Products advertised as providing pain relief fully knowing the Products do not relieve pain"), 45 ("Defendant wrote on the package of these Products that they provide pain relief").)

## III.   LEGAL STANDARD

A defendant may move to dismiss a case when the court lacks subject matter jurisdiction or when the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(1), 12(b)(6). Federal Rule of Civil Procedure 12(b)(1) requires dismissal for lack of subject matter jurisdiction where plaintiff lacks Article III standing. *Maya v. Centex Corp*., 658 F.3d 1060, 1067 (9th Cir. 2011). Federal Rule of Civil Procedure 12(b)(6) requires that a complaint be dismissed unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 500 U.S. 554, 570 (2007).

A court may also take judicial notice of matters of public record, and of documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading. *Loomis v. Slendertone Distribution, Inc.*, 420 F. Supp. 3d 1046, 1062 (S.D. Cal. 2019). Unlike rule-established

160979.00601/125322421v.3                                3

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT EUROPHARMA, INC.'S MOTION TO DISMISS SECOND AMENDED COMPLAINT AND TO STRIKE**

judicial notice, "incorporation-by-reference" is a judicially created doctrine that treats certain documents as though they are part of a complaint itself, and prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken, or doom, their claims. *Id.* at 1063.

In addition, pursuant to Federal Rule of Civil Procedure 12(f)(2), the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," including "on motion made by a party… before responding to the pleading."

## IV. ARGUMENT

### A. Plaintiff Cannot Meet the UCL, FAL, and CLRA's Reasonable Consumer Standard or the Reasonable Reliance Element of Common Law Fraud as a Matter of Law.

Claims under the UCL, FAL, and CLRA are governed by the reasonable consumer test, whereby the plaintiff must show that "members of the public are likely to be deceived." *Williams v. Gerber Prod. Co*., 552 F.3d 934, 938 (9th Cir. 2008), citing *Freeman v. Time, Inc*., 68 F.3d 285, 289 (9th Cir. 1995) (internal quotations omitted).

> "This requires more than a mere possibility that [the product's] label 'might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner.' Rather, the reasonable consumer standard requires a *probability* that a *significant portion* of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled."

*Ebner v. Fresh, Inc*., 838 F.3d 958, 965 (9th Cir. 2016), citing *Lavie v. Procter & Gamble Co.*, 105 Cal.App.4th 496, 129 (2003) (emphasis added). Similarly, "[c]ommon law fraud requires that the victim show reasonable reliance on the allegedly deceptive representation." *Delacruz v. Cytosport, Inc.*, No. C 11-3532 CW, 2012 WL 1215243, at *8 (N.D. Cal. Apr. 11, 2012); *see also, Samica Enterprises LLC v. Mail Boxes Etc., Inc.*, 460 F. App'x 664, 665 (9th Cir. 2011) ("[I]t is well established that reasonable reliance is an element of common law fraud and misrepresentation claims.") Courts in this district confirm that "[t]he reasonable consumer standard is similar to the reasonable reliance element of common law fraud." *Yumul v. Smart*

160979.00601/125322421v.3

4

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT EUROPHARMA, INC.'S MOTION TO DISMISS SECOND AMENDED COMPLAINT AND TO STRIKE**

*Balance, Inc.*, 733 F. Supp. 2d 1117, 1125 (C.D. Cal. 2010); *see also*, *Martinez v. Hammer Corp.*, No. CV0906135MMMAGRX, 2010 WL 11507562, at *9 (C.D. Cal. Jan. 29, 2010) (same). The Ninth Circuit has upheld dismissal of complaints on the ground that the reasonable consumer standard could not be met as a matter of law. *Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1117, 1126 (C.D. Cal. 2010).

Here, the relevant claim viewed and purportedly relied upon by Plaintiff is that the product offers pain relief, as qualified by the disclaimer: "Occasional muscle pain due to exercise or overuse"—a disclaimer appearing on the sample package and which Plaintiff admits he both "noticed" and "noted" while purchasing the product.[1] (SAC ¶¶ 13-14, emphasis added.) The disclaimer, and the fact that the product is merely a dietary supplement, is also plainly visible on the webpage from which Plaintiff asserts he purchased the product. *See* Request for Judicial Notice, Ex. 1.

Not satisfied, Plaintiff inexplicably extrapolates the labeling claims, resulting in one of two unsupported and idiosyncratic interpretations: either (1) that the product is advertised and understood to provide "pain relief" generally, in all circumstances, without qualification (despite the fact that he himself read the qualification)[2] and/or (2) that the product promises to provide relief for "exercise-induced muscle soreness and pain" within 30 to 45 minutes after consumption when used during a weeklong period, for five days of which the consumer exercises for approximately half an hour per day.

---

[1] *See* Sections IV.C.2 & 3 regarding Plaintiff's insufficient pleading relating to the labeling and advertising of the unpurchased products, including any claim qualifications. Given the lack of adequate pleading with respect to the three unpurchased products, this section focuses on the one product allegedly purchased by Plaintiff and for which a label and qualification information are provided. Defendant reserves all rights to bring similar arguments regarding the unpurchased products more fully in the event that Plaintiff is given the opportunity to amend and plead those claims with the requisite particularity.

[2] *See generally,* SAC, including, *e.g.,* SAC ¶¶ 30-32 ("…the Products do not relieve pain…"), 44 ("Defendant sold the Products advertised as providing pain relief fully knowing the Products do not relieve pain"), 45 ("Defendant wrote on the package of these Products that they provide pain relief").)

Plaintiff has not articulated why or how a reasonable consumer, reading the same information which he himself viewed, would conclude that the products always offer general, unqualified pain relief, as Plaintiff repeatedly alleges, and/or that the products offer pain relief under the highly specific and arbitrary parameters applied by Plaintiff. No facts are (or could be) alleged to suggest that, in his weeklong experiment with very specific timing parameters and expectations, Plaintiff was acting "reasonably in the circumstance" in a manner representative of a "significant portion of the general public." *Ebner*, 838 F.3d at 965. Plaintiff likewise has not alleged any facts explaining how his reliance on the Product's simple and qualified claim is "reasonable," other than to simply conclude that it is. (*See* SAC ¶ 47 ("In reasonable reliance on Defendant's false advertisements…").)

The facts alleged simply do not support the conclusion that the claim, as presented, is false or misleading to a reasonable consumer, or that Plaintiff's reliance was reasonable or justified. Instead, they support the limited conclusion that the Product did not provide this particular Plaintiff with actual, physical pain relief when used for an arbitrary weeklong period, consisting of an arbitrary five days of exercise for an arbitrary thirty minutes, within a short and arbitrary window of 30-45 minutes after consumption.[3] Unreasonable reliance upon a representation, in light of the relying party's own intelligence and information—or the relying party's own arbitrary testing conditions—cannot support a fraud claim. *Dias v. Nationwide Life Ins. Co.*, 700 F. Supp. 2d 1204, 1216 (E.D. Cal. 2010). Accordingly, Plaintiff's claims should be dismissed.

---

[3] Indeed, if Plaintiff was unhappy with these personal results in light of his expectations, he could have taken advantage of the product's unconditional moneyback guarantee. This moneyback guarantee is provided clearly and conspicuously on a side portion of the label of the purchased product—an image of which was not included in the SAC, but is visible on the webpage that he visited. *See* Request for Judicial Notice, Ex. 1. This further underscores the inadequacy of Plaintiff's pleading under Rule 9(b). *See* Sections IV.C.2 & 3.

6

**B.      Plaintiff Fails to Plead an Actionable Misrepresentation.**

Plaintiff's shotgun attempt at also alleging a lack of substantiation theory of falsity should likewise be rejected. Plaintiff includes allegations regarding "studies" that have allegedly shown that "dietary supplementation of curcumin for extended periods… may help to reduce inflammation; but have not consistently shown that the same extended dietary supplementation results in reduced muscle soreness associated with exercise." (SAC ¶ 27.) By including this paragraph, Plaintiff is effectively alleging that the pain relief claims at issue are not substantiated. However, "the reasonable consumer standard cannot be met by demanding that defendants substantiate their advertising claims." *Forcellati v. Hyland's*, *Inc.*, No. CV121983GHKMRWX, 2015 WL 9685557, at *4 (C.D. Cal. Jan. 12, 2015), citing *Nat'l Council Against Health Fraud, Inc. v. King Bio Pharm.*, *Inc.*, 107 Cal. App. 4th 1336, 1345, 133 Cal. Rptr. 2d 207, 214 (2003). Further, a claim that representations related to a product are unsubstantiated is insufficient to establish that the representation is false or misleading. *Johns v. Bayer Corp.*, No. 09-1935, 2013 WL 1498965, at *47 (S.D. Cal. Apr. 10, 2013); *Chavez v. Nestle USA, Inc.*, No. 09-9192, 2011 WL 2150128, at *3-6 (C.D. Cal. May 19, 2011), *reversed in part on other grounds*; *Fraker v. Bayer Corp.*, No. 08-1564, 2009 WL 5865687, at *7-8 (E.D. Cal. Oct. 2, 2009. Lastly, Plaintiff only alleges that the cited studies "have not consistently shown" that some unspecified dietary supplementation of curcumin relieves muscle soreness or pain. This is not the same as establishing that the claims are affirmatively "false" when comparing to "medicinal products," so as to support a cause of action for fraud or false advertising.[4] *See* SAC, ¶ 12 ("When

---

[4] In any event, the FDA has explained that some minor pain relief claims may be appropriate structure/function claims for dietary supplements. "A claim that a product is intended to treat minor pain, without reference of any other conditions, symptoms, or parts of the body that would imply disease treatment or prevention, would be appropriate structure/function claims, because minor pain, by itself, can be caused by a variety of conditions, not all of them disease-related." 65 Fed. Reg. at 1030. What is

purchasing medicinal products Plaintiff, like any reasonable consumer, believes that products labeled with "Pain Relief" statements will relieve his pain as he currently feels.").

Finally, the representations alleged to be false must be *concrete statements of fact*, capable of accurate measure. *Anunziato v. eMachines, Inc.* 402 F. Supp. 2d 1133, 1139 (C.D. Cal. 2005) ("Generalized, vague, and unspecified assertions constitute 'mere puffery' upon which a reasonable consumer could not rely, and hence are not actionable.") (emphasis added). Even disregarding the express qualification provided on the purchased product's label, "pain relief" by itself is not capable of accurate measure. How much, or what degree, of perceived "pain relief" would suffice to appease Plaintiff? Is that the same as what would suffice for a reasonable consumer? How would those amounts be quantified or measured in an objective manner? Given the limitations and nature of the generic "pain relief" claim upon which Plaintiff focuses, Plaintiff cannot prove falsity or what a "reasonable consumer" would perceive "pain relief" to mean. Even more, he could not have reasonably relied on the claim as promising some specific quantification or timing of general pain relief in all cases, as he purports to do. To the contrary, the claim itself is qualified to state that the pain relief is limited to "*Occasional* muscle pain due to exercise or overuse"—a qualification which Plaintiff himself admits that he viewed when purchasing. (SAC ¶¶ 13-14, emphasis added.)

In short, Plaintiff's interpretation and understanding of the "pain relief" claims at issue are not reasonable given the entirety of the circumstances, including the express product labeling and representations, and thus his assertions of falsity are not supported. The SAC must be dismissed for these reasons; any further amendment would be futile. / / /

---

more, in this case, the FDA *has* acknowledged the "pain relief" claims on the products at issue as structure/function claims.

### C. Plaintiff's SAC Fails to Meet the Heightened Pleading Standards for Fraud-Based Claims Under Rule 9(b).

Claims that sound in fraud—including those under the UCL, CLRA, and FAL—must satisfy the heightened particularity requirement of Federal Rule of Civil Procedure 9(b) to survive dismissal. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003). Per Rule 9(b), allegations sounding in fraud must be "specific enough to give defendants notice of the particular misconduct," including "the who, what, when, where, and how of the misconduct charged." *Vess*, 317 F.3d at 1106 (internal quotations omitted). The plaintiff must also set forth "what is false or misleading about a statement, and why it is false." *Id.*

Besides his straightforward claim for common law fraud, Plaintiff also brings claims under the UCL, FAL, and CLRA. Each of these claims is premised on the same central claim: that Defendant deceived or defrauded Plaintiff by representing that the products provide pain relief, when Plaintiff alleges that they do not because they did not relieve his specific pain. (*See generally,* SAC.) Because all four of Plaintiff's claims sound in fraud, they are subject to Rule 9(b)'s stringent pleading requirements.

#### 1. Plaintiff Fails to Plead the Circumstances of the Alleged Fraud with the Requisite Specificity.

There are two requirements to satisfy the rule that circumstances of fraud must be pleaded with particularity under Rule 9(b):

> "First, the plaintiff's allegations must identify the time, place and content of the alleged misrepresentation so that the defendant can identify the statement. Second, the plaintiff must plead facts explaining *why the statement was false* when it was made. A plaintiff can satisfy this requirement in a number of ways: by pointing to inconsistent contemporaneous statements or information which was made by or available to the defendant [or by] later statements made by the defendant along the lines of 'I knew it all along'."

*Smith v. Allstate Ins. Co.*, 160 F. Supp. 2d 1150, 1152–53 (S.D. Cal. 2001) (emphasis added, internal quotations and citations omitted), citing *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547 (9th Cir. 1994), *superseded by statute on other grounds.* Notably,

9

"[a]s a consequence of this second requirement, the plaintiff is precluded from simply pointing to a defendant's statement, noting that the statement conflicts with the current state of affairs, and then concluding that the statement in question was false when made." *Smith*, 160 F. Supp. 2d at 1153.

Here, Plaintiff's entire SAC is premised on his repetitive conclusion that "the Products do not relieve pain," and are therefore fraudulently and deceptively labeled. (*See, e.g.,* SAC ¶¶ 30-32.)  However, none of his allegations provide the requisite factual information to "explain why the statement was false when it was made." *Smith*, 160 F. Supp. 2d at 1152.

First, as discussed at greater length above, Plaintiff alleges that "the product did not remove, mitigate, lessen, or relieve Plaintiff's exercise induced muscle soreness and pain" within his arbitrary testing window of 30-45 minutes after consumption when taken during a weeklong period consisting of five days of exercise for thirty minutes. There are no facts alleged that explain why this "test" is appropriate or sufficient to prove falsity of the claims at issue: Defendant did not promise results within those parameters, there are no product claims alleged to set those parameters, and it is wholly unclear how Plaintiff derived those parameters. At most, these allegations only demonstrate that Plaintiff is an idiosyncratic individual with idiosyncratic expectations of effectiveness based on his own idiosyncratic standards. In short, his self-serving "test" for effectiveness is arbitrary and does not demonstrate at a plausible level how or why the claims at issue are false (or were false when made). This is especially true given the qualification: "Occasional muscle pain due to exercise or overuse." (SAC ¶¶ 13-14.)

Second, Plaintiff alleges that certain third-party studies have "not consistently shown that… extended dietary [curcumin] supplementation results in reduced muscle soreness associated with exercise." (SAC ¶ 27.) Once again, this does not satisfy the pleading standard for allegations of falsity, nor does it support such a conclusion. For one, these studies are not alleged to be about Defendant's products in particular, and are

generic studies of a single ingredient conducted under unspecified parameters of use. In addition, concluding that studies "have not consistently shown" a fact does not amount to proof that the fact is affirmatively false.

Because the above factual allegations do not explain how or why the claims are false, let alone to a reasonable consumer, all that is left is Plaintiff pointing to the "pain relief" claims and repeatedly concluding that they are false. However, "merely pointing to statements and alleging their falsity does not satisfy Rule 9(b)." *Richardson v. Reliance Nat. Indem. Co.*, No. C 99-2952 CRB, 2000 WL 284211, at *4 (N.D. Cal. Mar. 9, 2000). "Although the Court assumes the facts alleged are true, it need not assume the truth of any legal conclusions pled by the plaintiff simply because they are cast in the form of factual allegations." *Smith*, 160 F. Supp. 2d at 1153. Here, Plaintiff has only pled legal conclusions of falsity, unsupported by the facts alleged. Accordingly, his claims fail to meet the required pleading standards of Rule 9(b) and must be dismissed.

### 2. Plaintiff Fails to Plead the Product Labels and Advertisements at Issue with the Requisite Specificity.

Plaintiff generally alleges that "…all of the [four] Products are labeled with affirmative statements including, 'Safe, Effective Pain Relief' and 'Safe, Effective, Non-Addictive Pain Relief'…" (SAC ¶ 9, emphasis added; *see also*, SAC ¶ 8.) However, Plaintiff provides only a sample of the packaging of the Curamin Pain Relief product which he allegedly purchased. (SAC ¶ 14.) Plaintiff provides no other context for the advertisements and labels alleged to be at issue in the three other products, and perhaps more importantly, does not even allege that the other products were intended to relieve pain "due to exercise-induced muscle soreness and pain." Indeed, one of the products he lists purports to mention lower back pain, not muscle pain.

When bringing claims about a product's advertising, labeling, or packaging, a plaintiff must attach the relevant labels, packaging, or advertisements. "A plaintiff alleging that product labels or packaging contain misrepresentations must make specific allegations regarding each product, and attaching only a selection of labels will

not suffice under Rule 9(b)." *Janney v. Mills*, 944 F. Supp. 2d 806, 818 (N.D. Cal. 2013), citing *Ries v. Hornell Brewing Co.,* 2011 WL 1299286 at *4 (N.D. Cal. Apr. 4, 2011) (dismissing claims based upon advertisements, marketing, or labels not before the court); *Von Koenig v. Snapple Beverage Corp.,* 713 F.Supp.2d 1066, 1078 (E.D.Cal.2010) (same). Context for the product claim(s) at issue is necessary to determine the viability of plaintiff's action as a matter of law. *See Yumul v. Smart Balance, Inc*., 733 F. Supp. 2d 1117 (C.D. Cal. 2010) (dismissing claim based on a single out-of-context phrase found in one component of product label: "The Court concludes that Plaintiff's selective interpretation of individual words or phrases from a product's labeling cannot support a CLRA, FAL, or UCL claim").

Here, Plaintiff's limited selection of statements and his provision of one product packaging sample fall fatally short of the stringent pleading requirements of Rule 9(b). First, as to the single purchased product online, Plaintiff fails to include any allegations relating to the contents or context of the website page that he viewed in making his purchase. However, because it is incorporated by reference, Defendant introduces it by way of judicial notice. Further, Plaintiff's inclusion of only two sides of the purchased product's packaging omits the other two sides, which may include additional context relevant to Plaintiff's claims.[5] *See Yumul*, 733 F. Supp. 2d at 1117.

Second, Plaintiff's conclusory allegations about the three unpurchased products fall short of providing any meaningful information about whether the claims and products at issue are substantially similar such that the allegation of falsity can apply equally among the products. Plaintiff only alleges, in grouped pleading, that all four Products are labeled with unspecified "affirmative statements" including two quotes relating to pain relief. (SAC ¶ 9, emphasis added.) There is no allegation that the sample packaging of the purchased product is representative of (or identical to) the packaging

---

[5] In particular, one side of the packaging includes the unconditional moneyback guarantee discussed in footnote 3, *supra*, which impact the viability of Plaintiff's claims, including with respect to standing and damages. *See* Sections IV.C.2 & 3.

for the three unpurchased products—nor is it likely, given that each product has a unique name signifying a different use or purpose. (SAC ¶8.) There is no information relating to any qualifications, directions for use, or any other feature or specification of the unpurchased products. Underscoring the issue raised by the lack of requisite context, one of the products alleged to be at issue is Curamin "Low Back Pain." (SAC ¶ 8(d).) Plaintiff's SAC makes no mention of any back pain, let alone low back pain, and it appears highly implausible that Plaintiff's claims have any application with respect to that product.

Case law is clear: to survive dismissal under Rule 9(b), Plaintiff must make "*specific* allegations regarding *each* product," and a mere "selection of labels" will not suffice (*Janney*, 944 F. Supp. 2d at 818, emphasis added), nor will a "selective interpretation of individual words or phrases." *Yumul*, 733 F. Supp. 2d at 1117. Plaintiff woefully fails to meet these requirements for any of the four products at issue, and the SAC must be dismissed accordingly.

### 3. Plaintiff Has Not Sufficiently Alleged Standing to Assert Claims Based on The Labeling of Products He Did Not Purchase.

Plaintiff seeks to pursue claims based on three products which he does not allege to have purchased: Curamin Extra Strength Pain Relief, Curamin Stop Pain Now, and Curamin Low Back Pain. To establish Article III standing, a plaintiff *must allege facts* showing an injury-in-fact, causation, and redressability such that the injury will be likely redressed by a decision in the plaintiff's favor. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561-62 (1992). "That a suit may be a class action . . . adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." *Lewis v. Casey*, 518 U.S. 343, 357 (1996) (internal quotations omitted). Thus, Plaintiffs must plead valid claims "irrespective of the future class." *Larsen v. Trader Joe's Co.*, No. C 11-01588 SI, 2012 WL 5458396, at *5 (N.D. Cal. June 14,

13

2012). Further, to establish statutory standing under the UCL, FAL, or CLRA, a plaintiff must allege that he relied on the defendant's purported misrepresentations and suffered an "economic injury" as a result. *Kwikset Corp. v. Superior Court,* 51 Cal. 4th 310, 324 (2011); *Gallagher v. Chipotle Mexican Grill, Inc.*, No. 15-cv-03952-HSG, 2016 WL 454083, at *2 (N.D. Cal. Feb. 5, 2016). This "economic injury" requirement is even more "restrictive than federal injury in fact." *Kwikset*, 51 Cal. 4th at 324.

In light of the factual pleading deficiencies described above with respect to the unpurchased products, Plaintiff has not sufficiently alleged facts supporting standing to pursue claims for the three products he did not purchase. Given the fatal ambiguity regarding the labels, advertisements, or webpages for those products, this Court and Defendant are unable to assess whether the claims at issue are sufficiently similar and/or presented in sufficiently similar contexts to be grouped in the manner that Plaintiff proposes. Defendant acknowledges that in California, "[t]he majority of the courts that have carefully analyzed the question hold that a plaintiff may have standing to assert claims for unnamed class members based on products he or she did not purchase so long as the products and alleged misrepresentations are substantially similar." *Cortina v. Goya Foods, Inc.*, No. 14-CV-169-L NLS, 2015 WL 1411336, at *18 (S.D. Cal. Mar. 19, 2015) (quoting *Miller v. Ghirardelli Chocolate Co.*, 912 F. Supp. 2d 861, 869 (N.D. Cal. 2012)). However, as discussed in Section IV.C.2, *supra*, it is unclear whether the unpurchased products do indeed meet this standard of substantial similarity, as the analysis will depend on the necessary content and context of their respective labeling and advertising. *See, e.g., Dysthe v. Basic Research LLC*, No. CV 09-8013 AG (SSx), 2011 WL 5868307, at *4-5 (C.D. Cal. June 13, 2011) (finding plaintiff lacked standing to sue product she never purchased where products had different packaging). Because Plaintiff failed to meet his burden to allege sufficient facts to establish standing for the three unpurchased products, those claims should be dismissed or stricken.

//

14

### D. Plaintiff's Claims for Damages, Restitution, Injunctive Relief, and Statutory Enhanced Damages are Improper and Should Be Stricken.

As explained below, Plaintiff is not entitled to damages, restitution, injunctive relief, or statutory enhanced damages, eliminating the core relief sought by of all of his claims—and thus extinguishing the basis for this lawsuit. Given this lack of entitlement to any legally cognizable damages, Plaintiff's claims should be dismissed in their entirety. However, if the Court does not dismiss his claims in their entirety, the various forms of requested relief should be stricken for the reasons set forth below.

#### 1. Defendant's Unconditional Moneyback Guarantee Moots Plaintiff's Claim for Damages and/or Restitution.

Plaintiff seeks recovery for "[a]ctual damages suffered by Plaintiff and Class Members as applicable or full restitution of all funds acquired from Plaintiff and Class Members from the sale of mislabeled Class Products during the relevant class period." (SAC ¶ 82(d); *see also* Prayer for Relief). However, Plaintiff is not entitled to actual damages or restitution, because the product he purchased expressly came with Defendant's unconditional moneyback guarantee. *See* Request for Judicial Notice, Ex. 1. The unconditional moneyback guarantee presented on Defendant's website is aimed at consumers who do not receive the benefits they expect, which is precisely what Plaintiff alleges based on his idiosyncratic expectations. This guarantee is not only provided conspicuously on the side of the product label as purchased by Plaintiff, which Plaintiff fails to include in his SAC, but is also visible on the webpage that he visited during his purchase. *See* Request for Judicial Notice, Ex. 1. Plaintiff fails to allege any reason why he could not have taken advantage of the *unconditional* moneyback guarantee which would have resolved his alleged personal dissatisfaction.

In refusing a refund of his full purchase price, Plaintiff severed necessary the causal connection between what he contends are false and misleading representations by Defendant and the money he spent for the products. *See, e.g., Hansen v. Newegg.com Americas, Inc.,* 25 Cal. App. 5th 714, 723, 236 Cal. Rptr. 3d 61, 66 (2018) (private

160979.00601/125322421v.3

15

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT EUROPHARMA, INC.'S MOTION TO DISMISS SECOND AMENDED COMPLAINT AND TO STRIKE

standing to bring a UCL or FAL claim is limited to any person who has suffered injury in fact and has lost money or property as a result of unfair competition; to have standing to assert a claim under the CLRA, a plaintiff must have suffered any damage as a result of the practice declared to be unlawful.) Plaintiff also waived his right to restitution. It would contradict the intent of the electorate if Plaintiff could fabricate standing to pursue damages by refusing complete monetary relief. None of these actions would create the required valid "loss of money or property as a result of" the alleged false advertising. Cal. Bus. & Prof. Code §§ 17203, 17204, 17535; *see Shaffer v. Debbas*, 17 Cal. App. 4th 33, 41 (1993) ("A plaintiff who suffers damage as a result of either a breach of contract or a tort has a duty to take reasonable steps to mitigate those damages and will not be able to recover for any losses which could have been thus avoided").

## 2.   Plaintiff Lacks Standing to Seek Injunctive Relief.

Plaintiff has the burden of establishing Article III standing in order to maintain an action in federal court. *Lujan*, 504 U.S. at 561. Unnamed members of a class do not afford a plaintiff standing where plaintiff does not otherwise have it. *Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939, 951 (S.D. Cal. 2007). Here, among his various claims for relief, Plaintiff seeks injunctive relief in the form of an "order requiring [Defendant] to engage in corrective advertising…" (SAC ¶¶ 1, 51; *see also* Prayer for Relief). However, Plaintiff lacks standing to seek the injunctive relief demanded.

To establish standing for prospective injunctive relief, a plaintiff must demonstrate that he "has suffered or is threatened with a concrete and particularized legal harm coupled with 'a sufficient likelihood that he will again be wronged in a similar way,'" and must establish "a real and immediate threat of repeated injury." *Hadley v. Kellogg Sales Co.,* 243 F. Supp. 3d 1074, 1107 (N.D. Cal. 2017), citing *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (citation and internal quotation marks omitted); *see also*, *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d

160979.00601/125322421v.3

16

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT EUROPHARMA, INC.'S MOTION TO DISMISS SECOND AMENDED COMPLAINT AND TO STRIKE**

939, 946 (9th Cir. 2011) (plaintiff seeking injunctive relief must demonstrate a "real and immediate threat of repeated injury in the future.")

Plaintiff has not, and cannot, demonstrate a real and immediate threat of repeated injury. Plaintiff claims that the products do not relieve pain and that he did not experience results. (SAC ¶¶ 18, 19, 30.)  It would therefore be unreasonable for Plaintiff to again purchase any of the products, as he already believes them to be ineffective based on his experience. Even more, Plaintiff also explicitly states that, "[a]fter one week of using the Product… [he] stopped using the Product." (SAC ¶ 19.)

Moreover, Plaintiff makes no allegation that he intends or desires to purchase any of these products in the future. To the contrary, Plaintiff pleads that he "would not have otherwise" purchased the product(s) at issue had he known of the alleged misrepresentation. (SAC ¶ 23.) *Cattie v. Wal-Mart Stores, Inc*., 504 F. Supp. 2d 939, 951 (S.D. Cal. 2007) ("[I]t is unclear how prospective relief will redress [plaintiff's] injury, since she is now fully aware of the [alleged misrepresentation]. Furthermore, the SAC contains no allegations suggesting she intends to buy [the product] from [defendant] in the future.")

Thus, "it is entirely implausible that Plaintiff[s] risk[] being harmed by Defendant's alleged misrepresentations again." *Jones*, 2016 WL 5210935, at *10; *see also Strumlauf v. Starbucks Corp.*, 192 F. Supp. 3d 1025, 1030 (N.D. Cal. 2016) (dismissing claim for injunctive relief where plaintiffs alleged they would not have purchased lattes on the same terms had they known there were under-filled, because "[n]ow they know" and "[t]here is no danger that they will be misled in the future"); *Gallagher*, 2016 WL 454083, at *8 (where plaintiff alleged that she would not have purchased the product had she known that the representations were false and misleading, finding that it was "entirely implausible" that plaintiff risked being harmed by the alleged misrepresentations again).

Plaintiff's own allegations confirm that injunctive relief will not redress his claimed injuries, and that he lacks standing to pursue the same. Accordingly, in the event the SAC is not dismissed in its entirety, Plaintiff's claim for injunctive relief should be stricken. *See Vegas Diamond Properties, LLC v. LA Jolla Bank, FSB*, 10CV1205-WQH-BGS, 2010 WL 3910477 at *8 (S.D. Cal. Oct. 4, 2010) (slip copy) (striking request for unavailable damages). *See also*, *Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939, 951 (S.D. Cal. 2007) (unnamed class members do not afford a plaintiff standing where he does not already have it).

### 3.    Plaintiff Pleads No Basis for "Statutory Enhanced Damages."

Plaintiff brings statutory claims under the UCL, FAL, and CLRA. However, none of these statutes supports a claim for "statutory enhanced damages" as demanded by Plaintiff. (*See* SAC Prayer for Relief, ¶ 82(f).) In addition, the category confusingly described by Plaintiff as "statutory enhanced damages" is redundant in light of the other claims for relief.

While the UCL provides for civil penalties in government enforcement actions (Cal. Bus. & Prof. Code § 17206), there is no penalty or "statutory enhanced damages" option for private civil actions. Similarly, the FAL does not provide for any damages that might be described as "statutory enhanced damages." Cal. Bus. & Prof. Code § 17500. The CLRA only provides for actual damages, injunctive relief, restitution, and punitive damages; it also provides for an additional statutory award only applicable to consumers who are senior citizens or disabled persons, and only when certain enumerated circumstances are met. Cal. Civ. Code § 1780.

Accordingly, Plaintiff's prayer for "statutory enhanced damages" should be stricken.

//

//

//

## V.    CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss Plaintiff's SAC in its entirety, or in the alternative, that the Court dismiss each cause of action for which Plaintiff fails to state a claim. If the SAC is not dismissed in its entirety, Defendant further requests that the Court strike Plaintiff's proposed claims for damages, restitution, injunctive relief, and "enhanced statutory damages."

DATED:  March 12, 2021            BLANK ROME LLP


By: */s/ Erika Schulz*
                    Ana Tagvoryan
                    Erika Schulz
                    Dustin Moaven
                    Attorneys for Defendant
                    EUROPHARMA, INC. d/b/a TERRY
                    NATURALLY