UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DOTSON, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EUROPHARMA, INC. d/b/a TERRY, NATURALLY<br><br>Defendant. | Case No. 2:20-cv-09651-AB-AGR<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE** |

## I. INTRODUCTION

In this putative class action, Defendant EuroPharma Inc., d/b/a Terry Naturally's ("Defendant") moves to dismiss Plaintiff's Second Amended Complaint ("SAC," Dkt. No. 15) pursuant to Fed. R. Civ. P 12(b)(1) and Fed. R. Civ. P 12(b)(6) and strike Plaintiffs' request for damages, restitution, injunctive relief, and enhanced statutory damages pursuant to Fed. R. Civ. P. 12(f) ("Motion," Dkt. No. 16). Plaintiff Michael Dotson ("Plaintiff") opposed and Defendant replied. Dkt. Nos. 22, 23. The Court took the matters raised with respect to the Motion under submission without oral argument pursuant to Local Rule 7.15. Dkt. No. 25. For the reasons stated below, the Court **GRANTS** Defendant's motion to dismiss

Plaintiff's Second Amended Complaint, and **GRANTS IN PART** and **DENIES IN PART** Defendant's motion to strike. Any amended complaint shall be filed within fourteen (14) days of the date of issuance of this order.

## II. BACKGROUND

This putative class action concerns the allegedly misleading labeling of Defendant EuroPharma's "Curamin" supplements that Defendant manufactures and sells. Plaintiff filed this Complaint on October 21, 2020 and then a First Amended Complaint on December 21, 2020. Dkt. Nos. 1, 10. The parties then stipulated to Plaintiff's filing the Second Amended Complaint, which Plaintiff subsequently filed on February 26, 2021. Dkt. Nos. 13-15.

### A. Plaintiff's Complaint

EuroPharma sells a line of curcumin dietary supplements in California and nationally under the brand name Curamin (the "Products").[1] SAC ¶ 7. The Products are all advertised as providing either "Safe, Effective Pain Relief" or "Safe, Effective, Non-Addictive Pain Relief." *Id.* ¶ 8. The Products all rely on curcumin and other similar or shared active ingredients. *Id.* ¶ 9. The Products all share the same primary function of relieving pain. *Id.* Plaintiff claims all the Products are falsely labeled for the same reason, they do not relieve pain. *Id.*

Plaintiff alleges that he purchased one of the Products, "Curamin Pain Relief," from Defendant's website on September 3, 2020. SAC ¶ 10. Plaintiff purchased Curamin Pain Relief relying on its label stating "Pain Relief" in large white letters under "Curamin." *Id.* ¶¶ 11, 14. Plaintiff claims that other over-the-counter products similarly state "Pain Relief" on their front labels. *Id.* This similar labeling led Plaintiff to believe he was purchasing a similar pain relief product that would relieve his pain within a "reasonable approximate time." *Id.* ¶ 12. Curamin

---

[1] The Products are named as follows: (1) "Curamin: Pain Relief," (2) "Curamin: Extra Strength Pain Relief," (3) "Curamin: Stop Pain Now," and (4) "Curamin: Low Back Pain."

2

1  Pain Relief also has on the front label, below "Pain Relief," the words "Safe,
2  Effective, Non-Addictive Pain Relief." *Id.* ¶¶ 11, 14. Curamin Pain Relief makes
3  this claim based on its inclusion of curcumin. *Id.* ¶¶ 24-25. Plaintiff claims he
4  purchased the product relying on these words too. *Id.* Lastly, Plaintiff noticed that
5  "Pain Relief" had a superscript dagger mark (†) next to it. *Id.* ¶¶ 13, 14. This mark
6  led to a fine print note on the back of the box stating, "Occasional muscle pain due
7  to exercise or overuse." *Id.* ¶¶ 11, 14.
8       After purchasing the product, Plaintiff followed its instructions, took three
9  capsules a day for a week, and exercised five days that same week for about half an
10 hour per day. *Id.* ¶¶ 15, 16. When Plaintiff experienced muscle soreness and pain
11 each day, he used Curamin Pain Relief expecting his pain to be relieved after about
12 30-45 minutes as the labeling implied. *Id.* ¶¶ 17, 18. It did not. *Id.* Curamin Pain
13 Relief did not "remove, mitigate, lessen, or relieve" Plaintiff's muscle soreness and
14 pain. *Id.* After a week of using the product and experiencing "no results," he
15 stopped using it. *Id.* ¶ 19. Plaintiff claims that he was misled into purchasing
16 Curamin Pain Relief and would not have purchased it if he knew the claims it made
17 were false and misleading. *Id.* ¶ 23.
18      Plaintiff alleges that studies of curcumin have "consistently shown" that it
19 can reduce inflammation after using it for extended periods, ranging from weeks to
20 months. *Id.* ¶ 27. But studies have also "not consistently shown" that such usage
21 results in reduced muscle soreness associated with exercise. *Id.* And Defendant has
22 not adequately informed consumers that the Products—basing its claims of "Safe,
23 Effective, Non-Addictive Pain Relief" on the inclusion of curcumin—fail to act as
24 pain relievers. *Id.* ¶ 25-28. Thus, the labels are deceptive to reasonable consumers.
25 *Id.* ¶ 29.
26      Plaintiff further alleges that Defendant employs professionals to create the
27 formulas of its dietary supplement products. *Id.* ¶ 36. Thus, it knew or should have
28 known through its employees that the Products do not relieve pain, are not pain

3

relievers, and should not be labeled as such because such labels would be "deceptive to reasonable consumers." *Id. Id.* ¶ 36-37.

On behalf of the entire class and sub-class, Plaintiff raises the following: (1) Violation of California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq.* ("FAL," Claim I); (2) Violation of California's Unfair Competition Act, Cal. Bus. & Prof. Code §§ 17200 *et seq.* ("UCL," Claim II) on behalf of the class; (3) Common Law Fraud (Claim III); and (4) Violation of the Consumer Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.* ("CLRA," Claim IV). *See* SAC ¶¶ 41-79.

Plaintiffs define the classes and sub-class as follows:

> Class: All persons within the United States who purchased the Products within four years prior to the filing of this [SAC] through to the date of class certification.
>
> Sub-Class: All persons within California who purchased the Products within four years prior to the filing of this [SAC] through to the date of class certification.

SAC ¶¶ 39-40.

Plaintiff seeks damages, restitution, injunctive relief, including, but not limited to, an "order requiring Euro Pharma Inc. to engage in corrective advertising regarding the conduct discussed above," statutory enhanced damages, and attorney's fees and costs. SAC ¶ 82.

Defendant now moves to dismiss on numerous grounds, including for lack of standing, failure to state a claim upon which relief can be granted, and failure to meet the heightened pleading standard for fraud-based claims. Motion at 4-14. Defendant also moves to strike Plaintiff's request for damages, restitution, injunctive relief, and statutory enhanced damages. Motion at 15-18.

### B. EuroPharma's Request for Judicial Notice

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citation and quotation marks omitted). A court is, however, entitled to consider (1) documents incorporated into the complaint by reference and (2) matters subject to judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A court may only take judicial notice of facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b).

Here, Defendant offers a printout of Defendant's publicly available webpage selling Curamin Pain Relief. Dkt. No. 16-3, Ex. 1. Plaintiff claims he purchased the product from the site. SAC ¶ 10. Plaintiff does not dispute Defendant's request for judicial notice or the validity of the webpage printout. Instead, Plaintiff disputes the meaning of the contents of the printout, confirming at least its validity. Opposition at 6-7. The Court therefore **GRANTS** Defendant's request for judicial notice. *Tellabs*, 551 U.S. at 322; *see also*, *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1204 (N.D. Cal. 2014) (noting that publicly available websites are proper subjects of judicial notice); *Wible v. Aetna Life Ins. Co.*, 375 F. Supp. 2d 956, 965 (C.D. Cal. 2005) (granting judicial notice over two Amazon.com webpages).

### III. LEGAL STANDARDS

### A. Motion to Dismiss Standard

Federal Rule of Civil Procedure 8 requires a plaintiff to present a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), a defendant may move to dismiss a pleading for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

To defeat a Rule 12(b)(6) motion to dismiss, the complaint must provide enough factual detail to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007). Labels, conclusions, and "a formulaic recitation of the elements of a cause of action will not do." *Id.* The complaint must also be "plausible on its face," allowing the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

A complaint may be dismissed under Rule 12(b)(6) for the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). When ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (2009) (internal quotation marks omitted).

In federal court, "[in] alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Rule 9(b) requires a plaintiff averring fraud to plead the 'who, what, when, where, and how' of the alleged misconduct." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Notably, "a fraud by omission claim can succeed without the same level of specificity required by a normal fraud claim" since plaintiffs in such cases "will not be able to specify the time, place, and specific content of an omission as precisely as would a plaintiff" in an affirmative misrepresentation case. *Falk v. Gen. Motors Corp.*, 496 F. Supp. 2d 1088, 1098-99 (N.D. Cal. 2007); *see also Sciacca v. Apple, Inc.*, 362 F. Supp. 3d 787, 799-800 (N.D. Cal. 2019) (applying the pleading standard of Rule 8 to an omission-based consumer protection claim).

This standard applies to Plaintiff's UCL, FAL, and CLRA claims. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) ("Rule 9(b)'s particularity requirement applies to" UCL claims); *Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1117, 1122–23 (C.D. Cal. 2010) (FAL claims); *Vess*, 317 F.3d at 1103-04 (CLRA claims). "To avoid dismissal for inadequacy under Rule 9(b), a complaint [must] state the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Yumul*, 733 F. Supp. 2d at 1122 (internal quotation marks omitted). In other words, the allegations must plead the "who, what, when, where, and how of the misconduct charged." *Id*. at 1123 (internal quotations omitted).

If the court dismisses a complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *See Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

### B. Motion to Strike Standard

Under Federal Rule of Civil Procedure 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The function of a Rule 12(f) motion to strike "is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (quotation omitted) (overruled on other grounds in *Fogerty v Fantasy Inc.*, 510 U.S. 517 (1994)). If there is any doubt as to whether the allegations might be an issue in the action, the motion should be denied. *Id*.

### IV. DISCUSSION

**A. Defendant's Motion to Dismiss for Failure to Plead a Claim Meeting the Reasonable Consumer Standard is <u>DENIED</u>.**

The FAL prohibits any "unfair, deceptive, untrue or misleading advertising." *Williams v. Gerber Prod. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (quoting Cal. Bus. & Prof. Code § 17500). The UCL generally prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. "[A] plaintiff may proceed under the UCL on three possible theories. First, 'unlawful' conduct that violates another law is independently actionable under Section 17200. Alternatively, a plaintiff may plead the defendants' conduct is 'unfair' within the meaning of the several standards developed by the courts. Finally, a plaintiff may challenge 'fraudulent' conduct by showing that 'members of the public are likely to be deceived' by the challenged business acts or practices." *Stewart v. Screen Gems-EMI Music, Inc.*, 81 F. Supp. 3d 938, 967 (N.D. Cal. 2015) (internal citations omitted). Each prong is separately actionable. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009). Additionally, "[a]ny violation of the FAL]...necessarily violates the [UCL]." *Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1016 (9th Cir. 2020) (internal quotation marks omitted) (citing *Williams*, 552 F.3d at 938). And lastly, the CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices." Cal. Civ. Code §§ 1750, *et seq*.

Under the UCL, FAL, and CLRA, courts apply the "reasonable consumer" test, which requires a plaintiff to show that "members of the public are likely to be deceived." *Williams*, 552 F.3d at 938 (quotation marks omitted). The "reasonable consumer" need not be someone who is "versed in the art of inspecting and judging a product," *Yumul*, 733 F. Supp. 2d at 1125, but at the same time, the test "requires more than a mere possibility that [a product's] label 'might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner.'" *Ebner*, 838 F.3d at 965 (citations omitted). In other words, "the reasonable

consumer standard requires a probability 'that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled.'" *Id*.

The question of whether a business practice is "deceptive" in most cases presents a question of fact not amenable to resolution on a motion to dismiss. *See Williams*, 552 F.3d at 938. "However, in certain instances, [a] [c]ourt can properly make this determination and resolve such claims based on its review of the product packaging." *Pelayo v. Nestle USA, Inc.*, 989 F. Supp. 2d 973, 978 (C.D. Cal. 2013). "[W]here a [c]ourt can conclude as a matter of law that members of the public are not likely to be deceived by the product packaging, dismissal is appropriate." *Id.*; *see also Bush v. Mondelez Int'l, Inc.(Bush I)*, 2016 WL 5886886, at *3 (N.D. Cal. Oct. 7, 2016) (holding that plaintiff failed to state a plausible claim of consumer deception based on product packaging where the outer packaging disclosed both the net weight and the number of cookies contained therein); *Stewart v. Riviana Foods Inc.*, 2017 WL 4045952, at *9 (S.D.N.Y. Sept. 11, 2017) (citing *Ebner v. Fresh* for the proposition that "[a] 'rational consumer,' would not 'simply assume' something about the product that a cursory inspection would show not to be true").

There is no hard-and-fast rule against making a reasonable consumer determination on a motion to dismiss. *See Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1161-62 (9th Cir. 2012). But the Ninth Circuit has cautioned that it will be a "rare situation" where granting a motion to dismiss on this ground is appropriate. *Williams*, 552 F.3d at 939.

Having reviewed the product packaging and viewing the facts in the light most favorable to Plaintiff, the Court at this time cannot conclude as a matter of law that the statements are not misleading to a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances. "Pain Relief," "Safe, Effective Pain Relief," and "Safe, Effective, Non-Addictive

9

Pain Relief" are all affirmative representations declaring the Products' alleged capabilities. The type and amount of pain Defendant's product is said to relieve is "occasional muscle pain due to exercise or overuse." SAC ¶¶ 11-13. "Pain Relief" is different from statements such as "nutritious," or "healthy," which courts have found to be difficult concepts to concretely measure and thus are more likely just "puffery." *Williams*, 552 F.3d at 939, n. 3; *Yumul*, 733 F. Supp. 2d at 1128-29. "Pain Relief" is more similar to statements such as "no cholesterol," which a court found to be an affirmative statement that was not "'impossible for the plaintiff to prove that a reasonable consumer was likely to be deceived.'" *Yumul*, 733 F. Supp. 2d at 1129 (quoting *Williams*, 552 F.3d at 939). As in *Yumul*, it is appropriate to permit Plaintiff to attempt to "demonstrate by extrinsic evidence, such as consumer survey evidence, that the challenged statements tend to mislead consumers." *Yumul*, 733 F. Supp. 2d at 1129 (C.D. Cal. 2010).[2]

Accordingly, the Court finds that Plaintiff has adequately pleaded its claims with respect to the reasonable consumer standard. Thus, Defendant's Motion to Dismiss on this basis is **DENIED**.

### C. Defendant's Motion to Dismiss for Failure to Plead Claims With Sufficient Specificity under Rule 9(b) is <u>**GRANTED**</u>.

Claims that sound in fraud—including those under the UCL, CLRA, and FAL— must satisfy the heightened particularity requirement of Federal Rule of Civil Procedure 9(b) to survive dismissal. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003). To satisfy Rule 9(b), the plaintiff must "set forth what is false

---

[2] Defendant combines in its first argument with the California consumer protection statutes that Plaintiff has failed to plead the reasonable reliance element of common law fraud. This conflates the California consumer protection statutes and common law fraud. California courts have held that reasonable reliance is not an element of claims under the UCL, FAL, and CLRA. *See Yumul*, 733 F. Supp. 2d at 1125 (citing *In re Tobacco II Cases*, 46 Cal. 4th 298, 312 (2009)).

or misleading about a statement, and why it is false." *Decker v. GlenFed, Inc.*, 42 F.3d 1541, 1548 (9th Cir. 1994). "[T]he plaintiff is precluded from simply pointing to a defendant's statement, noting that the statement conflicts with the current state of affairs, and then concluding that the statement in question was false when made." *Smith*, 160 F. Supp. 2d at 1153.

First, Plaintiff fails to plead the alleged misrepresentation with the requisite specificity. Plaintiff's SAC relies on the statement that "the Products do not relieve pain," and are therefore fraudulently labeled. SAC ¶¶ 30-32. However, these allegations do not provide the requisite factual information to "explain why the statement was false when it was made." *Smith*, 160 F. Supp. 2d at 1152. Plaintiff alleges that "the product did not remove, mitigate, lessen, or relieve Plaintiff's exercise induced muscle soreness and pain" within 30-45 minutes after consumption when taken during a weeklong period consisting of five days of exercise for thirty minutes. Plaintiff does not allege why these parameters are sufficient to prove falsity. Indeed, Defendant did not promise results within those parameters. Additionally, Plaintiff's allegation that studies have "not consistently shown that . . . extended dietary [curcumin] supplementation results in reduced muscle soreness associated with exercise," SAC ¶ 27, is not persuasive. The allegations do not suggest that these studies were about the Products or anything similar to the Products, nor does "not consistently shown" suggest affirmative falsity. Accordingly, the Court is unable to make a reasonable inference that Defendant's claims of "Pain Relief" are false simply because Plaintiff's individual pain was not relieved within his own chosen parameters. Plaintiff has simply pleaded conclusions of falsity, unsupported by the facts alleged.

Second, Plaintiff fails to plead the product labels at issue with the requisite specificity such that the Court can make a reasonable inference that Defendant is liable for the misconduct alleged. Plaintiff alleges that ". . .all of the Products are labeled with affirmative statements including, 'Safe, Effective Pain Relief' and

'Safe, Effective, Non-Addictive Pain Relief' . . . ." SAC ¶ 9. However, Plaintiff provides only a sample of the packaging of the Curamin Pain Relief which he purchased. SAC ¶ 14. Plaintiff fails to show that the qualified pain relief statement is substantially similar across all the products at issue, including those he did not purchase, such that the same inference of fraud can be imputed to them. Indeed, a "plaintiff alleging that product labels or packaging contain misrepresentations must make specific allegations regarding each product, and attaching only a selection of labels [or none at all] will not suffice under Rule 9(b)." *Janney v. Mills*, 944 F. Supp. 2d 806, 818 (N.D. Cal. 2013), citing *Ries v. Hornell Brewing Co.*, 2011 WL 1299286 at *4 (N.D. Cal. Apr. 4, 2011) (dismissing claims based upon advertisements, marketing, or labels not before the court); *Von Koenig v. Snapple Beverage Corp.*, 713 F.Supp.2d 1066, 1078 (E.D. Cal. 2010) (same).

Plaintiff fails to meet the specificity requirements under Rule 9(b) for each of his claims. Accordingly, the Court **GRANTS** Defendant's Motion with respect to all claims. However, the Court finds that leave to amend is appropriate here because Defendants may be able to cure their pleading deficiencies.

### D. Defendant's Motion to Strike Plaintiff's Claims for Injunctive Relief is <u>GRANTED</u>.

Defendant argues Plaintiff lacks standing to seek injunctive relief because the SAC fails to plausibly allege that Plaintiff would purchase Curamin Pain Relief or Defendant's other products. Motion at 17. The Court agrees.

To establish standing for prospective injunctive relief, a plaintiff must demonstrate that he "has suffered or is threatened with a concrete and particularized legal harm coupled with 'a sufficient likelihood that he will again be wronged in a similar way,'" and must establish "a real and immediate threat of repeated injury." *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1107 (N.D. Cal. 2017) (citing *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007)). In *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956 (9th Cir. 2018), the Ninth Circuit addressed

whether a plaintiff lacks Article III standing to seek injunctive relief under the FAL and UCL when the plaintiff had post-purchase knowledge of the defendant's alleged mislabeling of the product. *See id.* at 967. The Court agrees with Defendant that *Davidson* stands for the proposition that a plaintiff must allege they would want to or intend to purchase the product in the future. *Id.*

Plaintiff makes no allegation that he intends or desires to purchase any of the curcumin products in the future. Indeed, Plaintiff alleges that he would not have otherwise purchased the products had he known of the alleged misrepresentation. SAC ¶ 23. *See Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939, 951 (S.D. Cal. 2007) ("[I]t is unclear how prospective relief will redress [plaintiff's] injury, since she is now fully aware of the [alleged misrepresentation]. Furthermore, the SAC contains no allegations suggesting she intends to buy [the product] from [defendant] in the future."); *see also Strumlauf v. Starbucks Corp.*, 192 F. Supp. 3d 1025, 1030 (N.D. Cal. 2016) (dismissing claim for injunctive relief where plaintiffs alleged they would not have purchased lattes on the same terms had they known there were under-filled, because "[n]ow they know" and "[t]here is no danger that they will be misled in the future"); *Gallagher*, 2016 WL 454083, at *8 (where plaintiff alleged that she would not have purchased the product had she known that the representations were false and misleading, finding that it was "entirely implausible" that plaintiff risked being harmed by the alleged misrepresentations again).

Accordingly, since Plaintiff's own allegations confirm that injunctive relief will not redress the claimed injuries, he lacks standing for such a claim. The Court **GRANTS** Defendant's Motion to Strike Plaintiff's claim for injunctive relief.

### E. Defendant's Motion to Strike Plaintiff's Claims for Damages, Restitution, and Enhanced Statutory Damages is <u>DENIED</u>.

#### 1. Unconditional Moneyback Guarantee

Defendant argues that Plaintiff is not entitled to damages or restitution

because Defendant provides for an unconditional moneyback guarantee. Motion at 15. The Court disagrees.

"As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Chafin v. Chafin,* 133 S.Ct. 1017, 1023 (2012). "[A] case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Ibid.* (internal quotation marks omitted). "By those measures, an unaccepted offer of judgment cannot moot a case." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 80–81 (2013). "When a plaintiff rejects such an offer—however good the terms—her interest in the lawsuit remains just what it was before. And so too does the court's ability to grant her relief." *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 162, 136 S. Ct. 663, 670, 193 L. Ed. 2d 571 (2016), *as revised* (Feb. 9, 2016) (quoting *Genesis Healthcare*, 569 U.S. at 80).

Plaintiff rejected Defendant's moneyback guarantee. While a moneyback guarantee is slightly different from the settlement offers at issue in *Genesis* and *Campbell-Ewald*, both Plaintiff's interest in this lawsuit and the Court's ability to grant relief remains. Accordingly, Defendant's motion to strike Plaintiff's claim for damages and restitution based on the moneyback guarantee is **DENIED**.

### 2. Statutory Enhanced Damages

Defendant argues that Plaintiff pleads no basis for "statutory enhanced damages." Motion at 18.

Plaintiff brings statutory claims under the UCL, FAL, and CLRA. In Plaintiff's prayer for relief he requests "any and all statutory enhanced damages." SAC ¶ 82(f). The Court agrees with Plaintiff that this request appears to be a catch all provision meant to ensure that Plaintiff has demanded every possible remedy available to him under the three statutes. Opp'n at 21. Accordingly, the Court finds no reason to strike this prayer from the SAC. Defendant's Motion to Strike the

prayer for statutory enhanced damages is **DENIED**.

### F. Plaintiff's Request for Limited Discovery is <u>DENIED</u>.

Plaintiff, without citing any authority, requests leave to conduct limited discovery in the event the Court dismisses the claims with respect to the other three products not pictured in the SAC.  Opp'n at 15, 17.  That request is denied.  Although in some cases, discovery may be appropriate where evidence of fraud is exclusively in the defendant's possession, that is not the situation Plaintiff faces.  Plaintiff has not provided why he cannot obtain packaging of the other three products and he already has claims describing the products' front labels.  Thus, the who, what, when, and how of the misrepresentations Defendant allegedly made are not exclusively within Defendant's knowledge.  Accordingly, Plaintiff's request is **DENIED**.

### V. CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Motion to dismiss Plaintiff's Second Amended Complaint, and **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion to Strike. Any amended complaint shall be filed within fourteen (14) days of the date of issuance of this order.

**IT IS SO ORDERED.**

Dated: May 27, 2021

HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE