BLANK ROME LLP
Ana Tagvoryan (SBN 246536)
atagvoryan@blankrome.com
Erica R. Graves (SBN 301785)
erica.graves@blankrome.com
2029 Century Park East | 6th Floor
Los Angeles, CA 90067
Telephone:   424.239.3400
Facsimile:   424.239.3434

Attorneys for Defendant,
EUROPHARMA, INC. d/b/a TERRY NATURALLY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DOTSON, individually, and on behalf of other members of the general public similarly situated, | Case No. 2:20-cv-09651-AB-AGR |
| | *Assigned to the Hon. André Birotte, Jr.* |
| Plaintiff, | Class Action |
| vs. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT EUROPHARMA INC.'S MOTION TO DISMISS THIRD AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6), (b)(1) AND TO STRIKE PURSUANT TO FED. R. CIV. P. 12(f)(2)** |
| EUROPHARMA, INC. d/b/a TERRY NATURALLY, | |
| Defendant. | (*Notice of Motion and [Proposed] Order filed concurrently herewith*) |
| | Date:   July 23, 2021<br>Time:   10:00 a.m.<br>Dept:   Courthouse 7B |
| | Complaint Filed: October 21, 2020<br>TAC Filed:   June 11, 2021<br>Trial Date:   None set |

# TABLE OF CONTENTS

**Page(s)**

I.      INTRODUCTION ................................................................ 1

II.     FACTS ............................................................................... 2

III.    PROCEDURAL BACKGROUND ........................................ 4

IV.     LEGAL STANDARD ......................................................... 5

V.      ARGUMENT ...................................................................... 5

        A.      Plaintiff's TAC Does Not Meet the Heightened Pleading Standards for Fraud-Based Claims under Rule 9(b). ................................................. 5

                1.      Plaintiff's Allegations of Falsity Are Again Unsupported by the Facts Alleged. ........................................................... 6

                2.      Plaintiff Has Still Has Not Pled Sufficient Facts About Products He Did Not Purchase. ...................................... 10

        B.      Plaintiff Has No Standing to Demand Injunctive Relief Given He Has No Intention to Purchase the Products Again. .................................. 11

        C.      Plaintiff's Nationwide Class Allegations Must Be Stricken Because the UCL, FAL, and CLRA Do Not Operate Outside of California. ........................................................ 12

        D.      The Court Should Dismiss Plaintiff's TAC with Prejudice. .................... 13

VI.     CONCLUSION ................................................................. 13

160979.00601/126165699v.2                                                i

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT EUROPHARMA, INC.'S MOTION TO DISMISS THIRD AMENDED COMPLAINT AND TO STRIKE**

# <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

<u>Cases</u>

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .................................................................................. 5

*Bell Atlantic Corp. v. Twombly*,
    500 U.S. 554 (2007) .................................................................................. 5

*Chapman v. Pier 1 Imports (U.S.) Inc.*,
    631 F.3d 939 (9th Cir. 2011) ................................................................. 12

*Cortina v. Goya Foods, Inc.*,
    No. 14-CV-169-L NLS, 2015 WL 1411336 (S.D. Cal. Mar. 19, 2015) ................ 10

*Gen. Tel. Co. of Sw. v. Falcon*,
    457 U.S. 147 (1982) ................................................................................ 13

*In re GlenFed, Inc. Sec. Litig.*,
    42 F.3d 1541 (9th Cir. 1994), *superseded by statue on other grounds* .................... 6

*Janney v. Mills*,
    944 F. Supp. 2d 806 (N.D. Cal. 2013) .................................................... 10

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) ................................................................. 6

*Lawshe v. Amerus Life Ins. Co.*,
    19 F. App'x 692 (9th Cir. 2001) ............................................................. 9

*Lejbm v. Transnat'l Foods, Inc.*,
    No. 17-CV-1317-CAB-MDD, 2018 WL 1258256 (S.D. Cal. Mar. 12,
    2018) ....................................................................................................... 13

*Maya v. Centex Corp.*,
    658 F.3d 1060 (9th Cir. 2011) ................................................................. 5

*Miller v. Ghirardelli Chocolate Co.*,
    912 F. Supp. 2d 861 (N.D. Cal. 2012) .................................................... 10

*New York State Teachers' Ret. Sys. v. Fremont Gen. Corp.*,
    460 F. App'x 642 (9th Cir. 2011) ........................................................... 13

*Northwest Mortg., Inc. v. Superior Court*,
    72 Cal. App. 4th 214 (1999) ................................................................ 12

*Richardson v. Reliance Nat. Indem. Co.*,
    No. C 99-2952 CRB, 2000 WL 284211 (N.D. Cal. Mar. 9, 2000) ........................... 9

*Ries v. Hornell Brewing Co.*,
    2011 WL 1299286 (N.D. Cal. Apr. 4, 2011) .......................................... 10

*Sicor Ltd. v. Cetus Corp.*,
    51 F.3d 848 (9th Cir. 1995) .............................................................. 9

*Smith v. Allstate Ins. Co.*,
    160 F. Supp. 2d 1150 (S.D. Cal. 2001) ...................................... 6, 9, 11

*Sullivan v. Oracle Corp.*,
    51 Cal. 4th 1191 (2011) ................................................................ 12

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) ........................................................... 6

*Von Koenig v. Snapple Beverage Corp.*,
    713 F.Supp.2d 1066 (E.D.Cal.2010) ................................................ 10

*Wilson v. Frito-Lay N. Am., Inc.*,
    961 F. Supp. 2d 1134 (N.D. Cal. 2013) ............................................ 12

**Statutes**

California's Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750 *et
    seq.* ...................................................................................................... 2

California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et
    seq.* ...................................................................................................... 2

California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200
    *et seq.* .................................................................................................. 2

**Other Authorities**

Fed. R. Civ. P. 12(b)(1) ............................................................................ 5

Federal Rule of Civil Procedure 12(b)(6) .............................................. 5

Federal Rules of Civil Procedure, Rule 12(f)(2) ................................... 5

iii

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT EUROPHARMA,
INC.'S MOTION TO DISMISS THIRD AMENDED COMPLAINT AND TO STRIKE**

1

## I.   INTRODUCTION

Plaintiff Michael Dotson's ("Plaintiff") Third Amended Complain ("TAC") must be dismissed because it fails to remedy the deficiencies identified by this Court in its order dismissing the Second Amended Complaint ("SAC").

Plaintiff complains that Defendant EuroPharma, Inc.'s ("Defendant") Curamin products ("Products") are deceptively labeled to relieve pain. In its dismissal order, the Court concluded that it was "unable to make a reasonable inference that Defendant's claims of 'Pain Relief' are false simply because Plaintiff's individual pain was not relieved within his own chosen parameters. Plaintiff has simply pleaded conclusions of falsity, unsupported by the facts alleged." (ECF No. 26 ("Order") at 11.) The Court further held that Plaintiff's reference to "studies" about dietary curcumin supplementation" was "not persuasive" because the studies were not "about the Products nor anything similar to the Products," and the studies did not suggest affirmative falsity. *Id*. Accordingly, the Court found that Plaintiff had failed to "plead the alleged misrepresentation with the requisite specificity." *Id*.

In the TAC, Plaintiff brings the same statutory and common law fraud-based claims making near-identical allegations that Defendant's products are labeled fraudulently because one such product did not relieve Plaintiff's pain in the precise way he expected after subjecting it to a one-man, one-week test. Additionally, Plaintiff's reference to studies suffer from the same fatal flaw—they do not suggest falsity with respect to the Curamin Products' ability to relieve pain. Instead, they show that the active ingredient's "intended use" is "enhanced recovery by reducing inflammation and preventing muscle damage associated with exercise over long periods of time." (TAC, ¶ 31.) As recognized by the Court, because Defendant never promised to relieve pain

1

under the specific conditions demanded by Plaintiff, Plaintiff's allegations do not amount to fraud as a matter of law.[1]

Further, Plaintiff cannot assert claims against products he did not purchase because he still has not made a showing that they are advertised or operate similarly to the product he purchased. Nor can Plaintiff assert claims for injunctive relief because, as the Court found, his "own allegations confirm that injunctive relief will not redress the claimed injuries." (Order, at 13.) Indeed, Plaintiff still does not allege danger of being fooled by the products' advertising in the future. Finally, Plaintiff's nationwide class allegations must be stricken because the statutory claims Plaintiff asserts do not protect non-Californian class members where there are no allegations of California-linked conduct by the Defendant.

No further amendment should be allowed. Defendant respectfully requests that the Court dismiss the TAC with prejudice.

## II.   FACTS

Plaintiff's TAC, like his SAC, brings putative class action claims for (1) violation of California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq.* ("FAL"); (2) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.* ("UCL"); (3) common law fraud; and (4) violation of California's Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.* ("CLRA"). Each of Plaintiff's claims is based on his assertion that Defendant intentionally and falsely claimed its products provide pain relief when they do not. (TAC, ¶ 8.)

Plaintiff allegedly purchased one product, "Curamin Pain Relief," over the Internet. (*Id*. at ¶¶ 10, 13.) Plaintiff provides a sample of Curamin Pain Relief's packaging label and acknowledges that he saw the disclaimer linked to the "Pain Relief"

---

[1] In addition, Plaintiff ignores other statements he read on the packaging that make his claim of falsity even more implausible. For example, Plaintiff admits that he read and understood the Product's explicit direction that it is intended only for "occasional muscle pain due to exercise and overuse." (TAC, ¶ 12.)

160979.00601/126165699v.2                    2

1  claim, which reads: "Occasional muscle pain due to exercise or overuse." (*Id.* at ¶¶ 11–
2  12.) Plaintiff expressly alleges that he "noticed" the disclaimer and "noted" its
3  qualifying language when purchasing the product. (*Id.* at ¶ 12.)

4  Plaintiff alleges that the "pain relief" claims are false because he used the
5  purchased product, Curamin Pain Relief, per the serving size on the product label for a
6  total of one week, during which time he "exercised approximately half an hour per day,
7  five days a week." (*Id.* at ¶ 20.) He claims that he experienced muscle soreness and pain
8  after exercising. (*Id.* at ¶ 21.) He further claims that he used the Product on each of the
9  five days that he exercised, but that "after consuming the Product, the product did not
10 remove, mitigate, lessen, or relieve Plaintiff's exercise induced muscle soreness and
11 pain." (*Id.* at ¶ 22.) Plaintiff then stopped using the product. (*Id.* at ¶ 23.)

12 Plaintiff states that one ingredient in the Product, Curcumin, "may result in
13 enhanced recovery by reducing inflammation and preventing muscle damage associated
14 with exercise over long periods of time spanning from weeks to months." (TAC, ¶ 31.)
15 For this reason, Plaintiff states that the Product has pain-reducing effects that are
16 "preventative in nature." (*Id.* at ¶¶ 32, 34.) However, Plaintiff alleges that the Product
17 is deceptively labeled because it did not reduce Plaintiff's "currently" felt pain
18 following one-half hour of exercise when taken over the span of a week. (*Id.* at ¶ 34.)
19 Based on his own idiosyncratic testing parameters, and notwithstanding the disclaimer
20 he read and acknowledged, Plaintiff alleges that the products purport to generally
21 relieve pain, but that they failed to relieve *his* pain when taken after one-half hour of
22 exercise performed five days a week. (*See e.g.*, *id.* at ¶¶ 35–36.) Plaintiff likewise does
23 not believe any preventative, future pain reduction could qualify as pain relief. (*Id.* at ¶
24 33.) Plaintiff therefore concludes that Defendant engaged in a "deceitful practice of
25 falsely labeling the Products." (*Id.* at ¶ 36.)

26 Plaintiff asserts identical claims against three other products that he did not
27 purchase, Curamin Extra Strength Pain Relief, Curamin Stop Pain Now (a product that

28

Defendant no longer sells), and Curamin Low Back Pain. (*Id*. at ¶ 14.) Plaintiff provides front and back label for "Curamin Extra Strength Pain Relief," which discloses that the product has 2,703mg of the proprietary complex, as opposed to 2,181mg in the product Plaintiff purchased. (*Id*. at ¶¶ 13–14.) Plaintiff discloses front labels only for the remaining two products, which do not show ingredients, disclaimers, or directions for those products. (*Id*. at ¶ 14.) Plaintiff alleges that each product makes the claim, "Safe Effective Pain Relief" and "Safe, Effective, Non-Addictive Pain Relief," but does not otherwise allege that the rest of the labeling for all four products—including any ingredients, qualifications, or instructions for use—are substantially similar or identical. (*Id*. at ¶ 11.)

Although Plaintiff admits that Defendant is a Wisconsin corporation and does not allege any California-based conduct by Defendant, he nevertheless purports to bring his state-specific claims on behalf of a nationwide class of persons. (TAC, ¶ 44.)

## III.   PROCEDURAL BACKGROUND

Plaintiff filed a First Amended Complaint on December 23, 2020. (ECF No. 10.) On February 5, 2021 the parties met and conferred pursuant to L.R. 7-3. (*See* ECF No. 13, 1:17–18.) The parties then filed a Joint Stipulation to allow Plaintiff to amend the complaint "to plead [Plaintiff's] claims with greater specificity." (*Id*. at 1:19–22.)

The Court granted the parties' stipulation (ECF No. 14) and Plaintiff filed a SAC on February 26, 2021, bringing claims under the FAL, UCL, CLRA, and common law fraud. (ECF No. 15.) The Court dismissed the SAC in its entirety on May 27, 2021, holding that Plaintiff had failed to allege his claims of falsity with enough specificity to satisfy the heightened pleading requirements of Rule 9(b). The Court also held that Plaintiff did not sufficiently plead the similarities between the product he purchased and those he did not. (Order, 11–12.) Finally, the Court agreed that Plaintiff could not move for injunctive relief where he had not alleged any danger of being misled in the future.

(*Id*. at 12–13.) The Court permitted Plaintiff leave to amend. (*Id*. at 15.) Plaintiff's TAC and the instant motion follow.

## IV.   LEGAL STANDARD

A defendant may move to dismiss a case when the court lacks subject matter jurisdiction or when the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(1), 12(b)(6). Federal Rule of Civil Procedure 12(b)(1) requires dismissal for lack of subject matter jurisdiction where plaintiff lacks Article III standing. *Maya v. Centex Corp*., 658 F.3d 1060, 1067 (9th Cir. 2011). Federal Rule of Civil Procedure 12(b)(6) requires that a complaint be dismissed unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 500 U.S. 554, 570 (2007).

In addition, pursuant to Federal Rules of Civil Procedure, Rule 12(f)(2), the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," including "on motion made by a party… before responding to the pleading."

## V.   ARGUMENT

### A.   Plaintiff's TAC Does Not Meet the Heightened Pleading Standards for Fraud-Based Claims under Rule 9(b).

Plaintiff's TAC has failed to meaningfully address the deficiencies cited by the Court in its Order granting Defendant's motion to dismiss under Rule 9(b).  In its May 27, 2021 Order, the Court dismissed Plaintiff's SAC for two reasons. First, the Court agreed that Plaintiff had failed to plead that the pain relief claims are deceptive because EuroPharma never promised to relieve pain within Plaintiff's arbitrarily chosen parameters and the other allegations regarding falsity were conclusory and unpersuasive, failing to allow a reasonable inference of falsity. (ECF No. 26, 11.) Second, the Court held that Plaintiff "fail[ed] to plead the product labels at issue with

the requisite specificity" such that "the qualified pain relief statement is substantially similar across all the products at issue, including those he did not purchase, such that the same inference of fraud can be imputed." (ECF No. 26, 11-12.) As Plaintiff has not cured these defects, the TAC should be dismissed with prejudice.

As the Court recognized, each of Plaintiff's fraud, UCL, CLRA, and FAL claims sound in fraud and therefore must satisfy the heightened particularity requirement of Rule 9(b). *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103–04 (9th Cir. 2003) ("the plaintiff may allege a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of a claim. In that event, the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)."). Here, each of Plaintiff's claims rely on an alleged single course of fraudulent conduct that Defendant placed "intentional, deceitful" misstatements on its labels. (*See* TAC, ¶¶ 1, 36, 58.)

As the entire TAC is based on the same alleged course of fraudulent conduct, the plaintiff must plead "what is false or misleading about a statement, and why it is false." *Vess*, 317 F.3d at 1106. For this reason, it is insufficient to "simply point[] to a defendant's statement, not[e] that the statement conflicts with the current state of affairs, and then conclud[e] that the statement in question was false when made." *Smith v. Allstate Ins. Co.*, 160 F. Supp. 2d 1150, 1153 (S.D. Cal. 2001) (internal quotations and citations omitted), citing *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547 (9th Cir. 1994), *superseded by statute on other grounds*. Moreover, as this Court recognized, "the who, what, when and how of the misrepresentations Defendant allegedly made" are within the Plaintiff's knowledge. (Order, at 15.)

### 1. Plaintiff's Allegations of Falsity Are Again Unsupported by the Facts Alleged.

The Court's May 27, 2021 Order held:

> Plaintiff alleges that "the product did not remove, mitigate, lessen, or relieve Plaintiff's exercise induced muscle soreness and pain" within 30-45 minutes after consumption when taken during a weeklong period consisting of five days of exercise for thirty minutes. Plaintiff does not allege why these parameters are sufficient to prove falsity. Indeed, Defendant did not promise results within those parameters.

(Order, 11.)

Plaintiff's amendments to his complaint does not address the Court's concerns. In fact, most of Plaintiff's allegations are identical: (1) Plaintiff understood that the product only addresses "occasional muscle pain due to exercise or overuse" (TAC, ¶ 12); (2) Plaintiff took the product three times daily for a week (*id*. at ¶ 19); (3) Plaintiff exercised for half an hour, five times during that week (*id*. at ¶ 20); and (4) Plaintiff states that "[a]fter one week of using the Product without experiencing results, Plaintiff stopped using the Product." (*Id*. at ¶ 23.) The only change is that Plaintiff removed the allegation that he sought results within 30–45 minutes after consuming the product, though there is no allegation that he actually re-performed his "test." Rather, Plaintiff merely omitted some of his testing parameters from the TAC.

Nothing has changed with regard to Plaintiff's arbitrary expectations. Defendant never promised to relieve pain after it is experienced following one half-hour of exercise performed five times a week when taken for a week. Plaintiff does not allege otherwise. Like the SAC, Plaintiff is merely alleging that the product did not perform to his subjective parameters. But since the TAC does not specifically allege how the Curamin Products do not relieve pain as advertised, Plaintiff's allegations again fall short of meeting 9(b)'s particularity requirements.

Plaintiff likewise has not bolstered his allegations that the product is ineffective at relieving pain with additional factual support. Dismissing his SAC, the Court held:

> Plaintiff's allegation that studies have "not consistently shown that . . . extended dietary [curcumin] supplementation results in reduced muscle soreness associated with exercise," SAC ¶ 27, is not persuasive. The allegations do not suggest that these studies were about the Products or anything similar to the Products, nor does "not consistently shown" suggest affirmative falsity.

7

1   (Order, 11.)

2       Plaintiff's "amended" allegations in the TAC are, if anything, less persuasive.

3   Citing the same study as in the SAC, Plaintiff states, "[s]tudies of curcumin show that

4   it's [sic] intended use is through extended dietary supplementation which may result in

5   enhanced recovery by reducing inflammation and preventing muscle damage associated

6   with exercise over long periods of time spanning from weeks to months." (TAC, ¶ 31.)

7   He concludes that "studies of the active ingredients of the Products show that the

8   Products are preventative in nature." (*Id*. at ¶ 32.) These allegations still fail to assist

9   the Court in making a reasonable inference that Defendant's claims of "pain relief" are

10  false.

11      First, as the Court pointed out, Plaintiff does not allege that the study examined

12  the Products nor anything similar to the Products, but rather the intended use of one

13  active ingredient. This failure is repeated in the TAC and independently torpedoes it.

14      Second, Plaintiff concedes that the study he cites demonstrates that curcumin

15  effectively decreases pain by "reducing inflammation and preventing muscle damage

16  associated with exercise." (*Id*. at ¶ 32.) Plaintiff further concedes that reasonable

17  consumers understand "relieve" to mean "removal, alleviation, or reduction of pain."

18  (*Id*. at ¶ 32.) Taken together, Plaintiff agrees that curcumin is effective at "alleviating"

19  and "reducing" pain, he only quibbles about the temporal aspect. He believes that the

20  product must "alleviate" or "reduce" pain shortly after the pain occurs, not before, and

21  not after a long period of time. But Plaintiff cannot establish fraud by his own subjective

22  belief about when the product should take effect and how it should operate.[2] Plaintiff

23  likewise does not allege that the Product failed to proactively reduce his pain by

24

25  _____

26  [2] Plaintiff argues that the Products' 'pain relief' claims are advertised like those of over-
    the-counter drugs, and are thus false because the product is merely a supplement;

27  however, Plaintiff admits that the Product's packaging prominently displays the fact
    that the Product is a supplement with a disclaimer about its intended use and effects.

28  (*See* TAC, ¶ 15; Defendant's Request for Judicial Notice, ECF No. 16-3).

preventing muscle injury and reducing inflammation. Instead, he believes that even if it operates in this manner, Defendant's products would still be fraudulently labeled because they only operate prospectively. Again, Plaintiff's idiosyncratic understanding does not support falsity. If the product is effective at relieving pain before the pain occurs—as Plaintiff alleges—Defendant's "pain relief" statements *cannot be fraudulent*.

Finally, Plaintiff cannot run from his prior concession that studies have "not consistently shown that . . . extended dietary [curcumin] supplementation results in reduced muscle soreness associated with exercise." (SAC ¶ 27.) "Where [] the party making an ostensible judicial admission explains the error in a subsequent pleading or by amendment, the trial court must accord the explanation due weight." *Sicor Ltd. v. Cetus Corp.*, 51 F.3d 848, 859–60 (9th Cir. 1995). Here, Plaintiff has not explained his admission at all, but rather has simply omitted the statement while citing to the *exact same study* that supported the admission in the SAC. Even if the statement was withdrawn as a judicial admission, it remains a party admission. *Lawshe v. Amerus Life Ins. Co.*, 19 F. App'x 692, 695 (9th Cir. 2001). Plaintiff is thus stuck with his statement that negates the possibility of fraud because the study's findings are too equivocal to establish an affirmative misstatement of fact.

The remaining allegations in the TAC are conclusions of falsity, and nothing more. As noted in Defendant's prior motion, "merely pointing to statements and alleging their falsity does not satisfy Rule 9(b)." *Richardson v. Reliance Nat. Indem. Co.*, No. C 99-2952 CRB, 2000 WL 284211, at *4 (N.D. Cal. Mar. 9, 2000). "Although the Court assumes the facts alleged are true, it need not assume the truth of any legal conclusions pled by the plaintiff simply because they are cast in the form of factual allegations." *Smith*, 160 F. Supp. 2d at 1153.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT EUROPHARMA, INC.'S MOTION TO DISMISS THIRD AMENDED COMPLAINT AND TO STRIKE**

1
2

## 2. Plaintiff Has Still Has Not Pled Sufficient Facts About Products He Did Not Purchase.

3

4

5

Plaintiff likewise has not made legally adequate allegations about the products he did not purchase to establish either fraud or his own standing with respect to those products.

6

7

8

9

10

11

12

13

14

As set forth in Defendant's original motion, "[a] plaintiff alleging that product labels or packaging contain misrepresentations must make specific allegations regarding each product, and attaching only a selection of labels will not suffice under Rule 9(b)." *Janney v. Mills*, 944 F. Supp. 2d 806, 818 (N.D. Cal. 2013), citing *Ries v. Hornell Brewing Co.,* 2011 WL 1299286 at *4 (N.D. Cal. Apr. 4, 2011) (dismissing claims based upon advertisements, marketing, or labels not before the court); *Von Koenig v. Snapple Beverage Corp.,* 713 F.Supp.2d 1066, 1078 (E.D.Cal.2010) (same). Context for the product claims at issue is necessary to determine the viability of plaintiff's action as a matter of law.

15

16

17

18

19

Likewise, to have Article III standing to assert claims about unpurchased products, the plaintiff must show that "the products and alleged misrepresentations are substantially similar." *Cortina v. Goya Foods, Inc.*, No. 14-CV-169-L NLS, 2015 WL 1411336, at *18 (S.D. Cal. Mar. 19, 2015) (quoting *Miller v. Ghirardelli Chocolate Co.*, 912 F. Supp. 2d 861, 869 (N.D. Cal. 2012)).

20

21

22

23

24

25

26

Plaintiff's TAC fails in both respects. Plaintiff now includes some of the labeling of the three non-purchased products. (TAC ¶ 14.) Critically, however, Plaintiff includes nothing but the front label for two of them, the "Extra Strength" and "Low Back Pain" products. Plaintiff has thus not established whether the products have the same or similar ingredients, directions, or disclaimers to create an inference that the products were similarly advertised, operate in the same way, or have the same effect. Further, as in the SAC, Plaintiff has not alleged that he suffers from low back pain or that there is

27

28

1    any reason to believe that the Low Back Pain product would operate similarly on low

2    back pain compared with Plaintiff's exercise-induced muscle pain.

3         The only non-purchased product for which Plaintiff does include a back label is

4    the "Extra Strength Pain Relief." (TAC, ¶ 14.) However, the labels reveal a critical

5    difference between the products: an entirely different dose of the proprietary complex,

6    2,706 mg versus 2,181 mg for the purchased product. Given the dissimilarity between

7    the two products, Plaintiff provides no foundation on which the Court can conclude that

8    they function similarly.

9         Because of these omissions and deficiencies, Plaintiff has not established that the

10   non-purchased products do not work as they claim. If the products do relieve pain, the

11   statements cannot be "false when made." *Smith*, 160 F. Supp. 2d at 1153. Plaintiff

12   therefore has not pled a competent fraud allegation for any of the non-purchased

13   products. Likewise, Plaintiff has not alleged sufficient identity in the composition,

14   directions, or disclaimers of the purchased versus non-purchased products to create

15   "substantial similarity." Plaintiff thus lacks standing to bring claims as to these

16   products. As Plaintiff failed to meet his burden to establish standing or fraud for the

17   three unpurchased products, those claims should be dismissed or stricken.

18        **B.    Plaintiff Has No Standing to Demand Injunctive Relief Given He Has**

19        **No Intention to Purchase the Products Again.**

20        Plaintiff's TAC removed allegations that he is entitled to preliminary or

21   permanent injunctive relief in the body of the complaint (*compare* SAC, ¶¶ 51, 52), but

22   still prays for, "[a]n order requiring Euro Pharma Inc. to engage in corrective advertising

23   regarding the conduct discussed above" (TAC, Prayer for Relief at ¶ 81(c)), which is

24   injunctive relief. As the Court recognized, as "Plaintiff's own allegations confirm that

25   injunctive relief will not redress the claimed injuries, he lacks standing for such a

26   claim." (ECF No. 26, 12–13.) Plaintiff's TAC likewise confirms that he is not at any

27   risk of purchasing any of the accused products in the future. Plaintiff therefore lacks

28

standing to request "corrective advertising." *See Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (plaintiff seeking injunctive relief must demonstrate a "real and immediate threat of repeated injury in the future."). Defendant requests that the Court again strike the one remaining prayer for relief in this category.

## C.   Plaintiff's Nationwide Class Allegations Must Be Stricken Because the UCL, FAL, and CLRA Do Not Operate Outside of California.

Plaintiff cannot bring nationwide class claims under the UCL, FAL, or CLRA because none of these statutes operate outside California where there is no nexus of conduct between the defendant and the state. The California Supreme Court has found that "[n]either the language of the UCL nor its legislative history provides any basis for concluding the Legislature intended the UCL to operate extraterritorially. Accordingly, the presumption against extraterritoriality applies to the UCL in full force." *Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191, 1207 (2011). The UCL simply does not create a remedy for "injuries suffered by non-California residents, caused by conduct occurring outside of California's borders, by defendants whose headquarters and principal places of operations are outside of California." *Northwest Mortg., Inc. v. Superior Court*, 72 Cal. App. 4th 214, 225 (1999). The same statutory limitation prohibits extraterritorial application of the FAL and CLRA. *See Wilson v. Frito-Lay N. Am., Inc.*, 961 F. Supp. 2d 1134, 1147 (N.D. Cal. 2013).

Here, Plaintiff admits that Defendant is a Wisconsin corporation. (TAC, ¶ 5.) Plaintiff purchased the product at issue online. (*Id*. at ¶ 10.) Plaintiff does not allege that Defendant took any meaningful actions within California. Under these circumstances, there is simply not enough of a connection between the Wisconsin defendant, non-California based absent class members, and the California statutory claims. *See Wilson*, 961 F. Supp. 2d at 1147 (dismissing claims brought on behalf of non-California residents where the defendant was located in Texas, and the Californian named plaintiff

1   did not allege "any activity within California except their own purchase" of the
2   products).

3          This issue can be determined at the outset of litigation where "the issues are plain
4   enough from the pleadings to determine whether the interests of the absent parties are
5   fairly encompassed within the named plaintiff's claim, and sometimes it may be
6   necessary for the court to probe behind the pleadings." *Gen. Tel. Co. of Sw. v. Falcon*,
7   457 U.S. 147, 160 (1982). Here, there are no facts that Plaintiff has or could cite to
8   advocate for a nationwide class brought under California statutes that cannot, by law,
9   apply outside the state's borders. Under these circumstances, it is appropriate to dismiss
10  or strike the improper nationwide class allegations. *See, e.g.*, *Lejbm v. Transnat'l Foods,*
11  *Inc.*, No. 17-CV-1317-CAB-MDD, 2018 WL 1258256, at *4 (S.D. Cal. Mar. 12, 2018)
12  (granting defendants' motion to dismiss the UCL, FAL, and CLRA claims plaintiff
13  brought on behalf of a nationwide class for failure to demonstrate that California has
14  significant contact or significant aggregation of contacts to the claims of each class
15  member).

16         **D.     The Court Should Dismiss Plaintiff's TAC with Prejudice.**

17         Plaintiff has amended the Complaint three times, the last two times in response
18  to motions to dismiss. Defendant therefore respectfully requests that the Court dismiss
19  the TAC with prejudice in granting the instant motion. *New York State Teachers' Ret.*
20  *Sys. v. Fremont Gen. Corp.*, 460 F. App'x 642, 644 (9th Cir. 2011) (finding no abuse of
21  discretion and affirming dismissal with prejudice of third amended complaint where the
22  court had given ample opportunity to cure pleading defects).

23  **VI.   CONCLUSION**

24         For the foregoing reasons, Defendant respectfully requests that the Court dismiss
25  Plaintiff's TAC in its entirety, with prejudice, or in the alternative, that the Court dismiss
26  each cause of action for which Plaintiff fails to state a claim. If the TAC is not dismissed

27

28

1    in its entirety, Defendant further requests that the Court strike or dismiss Plaintiff's

2    nationwide class allegations and his prayer for injunctive relief.

3

4    DATED:  June 25, 2021                    BLANK ROME LLP

5

6                                             By:/s/ Erica R. Graves
                                                 Ana Tagvoryan
7                                                Erica R. Graves
                                             Attorneys for Defendant,
8                                            EUROPHARMA, INC. d/b/a TERRY
                                             NATURALLY
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT EUROPHARMA,
INC.'S MOTION TO DISMISS THIRD AMENDED COMPLAINT AND TO STRIKE**