# JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DOTSON, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br> v.<br><br>EUROPHARMA, INC. d/b/a TERRY, NATURALLY<br><br>Defendant. | Case No. 2:20-cv-09651-AB-AGR<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

Defendant EuroPharma Inc., d/b/a Terry Naturally's ("Defendant") moves to dismiss Plaintiff's Third Amended Complaint ("TAC," Dkt. No. 30) pursuant to Fed. R. Civ. P 12(b)(1) and Fed. R. Civ. P 12(b)(6) and strike Plaintiffs' request for injunctive relief pursuant to Fed. R. Civ. P. 12(f) ("Motion," Dkt. No. 33). Plaintiff Michael Dotson ("Plaintiff") opposed and Defendant replied. Dkt. Nos. 34, 35. The Court deems this matter appropriate for decision without oral argument and vacates the hearing scheduled for July 23, 2021. *See* Fed. R. Civ. P. 78; LR 7-15. For the reasons stated below, the Court **GRANTS** Defendant's Motion, without leave to amend.

//

1   **I.     BACKGROUND**

2          This putative class action concerns the allegedly misleading labeling of

3   Defendant EuroPharma's "Curamin" supplements that Defendant manufactures and

4   sells. Plaintiff filed this Complaint on October 21, 2020 and then a First Amended

5   Complaint on December 21, 2020. Dkt. Nos. 1, 10. The parties then stipulated to

6   Plaintiff's filing the Second Amended Complaint, which Plaintiff subsequently

7   filed on February 26, 2021. Dkt. Nos. 13-15.  Defendant moved to dismiss

8   Plaintiff's claims, Dkt. No. 16, which this Court granted in full with leave to

9   amend, ("Order"), Dkt. No. 33.  Defendants then filed the instant Third Amended

10  Complaint ("TAC," Dkt. No. 30).

11          **A. Plaintiff's Third Amended Complaint**

12          EuroPharma sells a line of curcumin dietary supplements in California and

13  nationally under the brand name Curamin (the "Products").[1] SAC ¶ 7. The Products

14  are all advertised as providing either "Safe, Effective Pain Relief" or "Safe,

15  Effective, Non-Addictive Pain Relief." *Id.* ¶ 8. The Products all rely on curcumin

16  and other similar or shared active ingredients. *Id.* ¶ 9. The Products all share the

17  same primary function of relieving pain. *Id.* Plaintiff claims all the Products are

18  falsely labeled for the same reason, they do not relieve pain. *Id.*

19          Plaintiff alleges that he purchased one of the Products, "Curamin Pain

20  Relief," from Defendant's website on September 3, 2020. TAC ¶ 10. Plaintiff

21  purchased Curamin Pain Relief relying on its label stating "Pain Relief" in large

22  white letters under "Curamin." *Id.* ¶¶ 11, 13, 14. Plaintiff claims that other over-the-

23  counter products similarly state "Pain Relief" on their front labels. *Id.* ¶ 11,15. This

24  similar labeling led Plaintiff to believe he was purchasing a similar pain relief

25  product that would relieve his pain. *Id.* ¶ 11. Curamin Pain Relief also has on the

26  
---
27  [1] The Products are named as follows: (1) "Curamin: Extra Strength Pain Relief," (2)
28  "Curamin: Pain Relief," (3) "Curamin: Stop Pain Now," and (4) "Curamin: Low Back Pain."  TAC, ¶ 8.

front label, below "Pain Relief," the words "Safe, Effective, Non-Addictive Pain Relief." *Id.* ¶¶ 11, 13, 14. Curamin Pain Relief makes this claim based on its inclusion of curcumin. *Id.* ¶¶ 29. Plaintiff claims he purchased the product relying on these words too. *Id.* ¶ 28. Lastly, Plaintiff noticed that "Pain Relief" had a superscript dagger mark (†) next to it. *Id.* ¶¶ 12. This mark led to a fine print note on the back of the box stating, "Occasional muscle pain due to exercise or overuse." *Id.* ¶ 12.

After purchasing the product, Plaintiff followed its instructions, took three capsules a day for a week, and exercised five days that same week for about half an hour per day. *Id.* ¶¶ 19, 20. When Plaintiff experienced muscle soreness and pain each day, he used Curamin Pain Relief expecting his pain to be relieved. *Id.* ¶¶ 21, 22. It did not. *Id.* Curamin Pain Relief did not "remove, alleviate, get rid of, reducie, or otherwise affect Plaintiff's exercise induced muscle soreness and pain." *Id.*, 22. After a week of using the product and experiencing "no results," he stopped using it. *Id.* ¶ 23. Plaintiff claims that he was misled into purchasing Curamin Pain Relief and would not have purchased it if he knew the claims it made were false and misleading. *Id.* ¶ 27.

Plaintiff alleges that studies of curcumin show that it's intended use is through extended dietary supplementation which may result in enhanced recovery by reducing imflammation and preventing muscle damage associated with exercise over long periods of time spanning from weeks to months. *Id.* 31. Defendant has not adequately informed consumers that the Products are preventative supplements that do not provide "pain relief" as they do not remove, alleviate, or reduce pain, but instead help to prevent future pain from future exercises through dietary supplementation. *Id.* ¶ 33. Thus, the labels are deceptive to reasonable consumers. *Id.* ¶ 34.

Plaintiff further alleges that Defendant employs professionals to create the formulas of its dietary supplement products. *Id.* ¶ 41. Thus, it knew or should have

known through its employees that the Products do not relieve pain, are not pain relievers, and should not be labeled as such because such labels would be "deceptive to reasonable consumers." *Id*.

On behalf of the entire class and sub-class, Plaintiff raises the following: (1) Violation of California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq.* ("FAL," Claim I); (2) Violation of California's Unfair Competition Act, Cal. Bus. & Prof. Code §§ 17200 *et seq.* ("UCL," Claim II) on behalf of the class; (3) Common Law Fraud (Claim III); and (4) Violation of the Consumer Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.* ("CLRA," Claim IV). *See* SAC ¶¶ 41-79.

> Plaintiffs define the classes and sub-class as follows:
> Class: All persons within the United States who purchased the
> Products within four years prior to the filing of the original Complaint
> through to the date of class certification.
> Sub-Class: All persons within California who purchased the Products
> within four years prior to the filing of the original Complaint through
> to the date of class certification.

SAC ¶¶ 44, 45.

Plaintiff seeks damages, injunctive relief, including, but not limited to, an "order requiring Euro Pharma Inc. to engage in corrective advertising regarding the conduct discussed above," statutory enhanced damages, and attorney's fees and costs. SAC ¶ 81.

Defendant now moves to dismiss again on numerous grounds, including for lack of standing, failure to state a claim upon which relief can be granted, and failure to meet the heightened pleading standard for fraud-based claims. *See* Motion. Defendant also moves to strike Plaintiff's request for injunctive relief and Plaintiff's nationwide class allegations. *Id*.

//

## II.   REQUEST FOR JUDICIAL NOTICE

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citation and quotation marks omitted). A court is, however, entitled to consider (1) documents incorporated into the complaint by reference and (2) matters subject to judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A court may only take judicial notice of facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). Here, Defendant offers a PDF printout of an article from WebMD entitled "Pain Relief: How NSAIDs Work." Dkt. No. 35-1, Ex. A. Plaintiff does not dispute Defendant's request for judicial notice or the validity of the webpage printout. The Court therefore **GRANTS** Defendant's request for judicial notice. *Tellabs*, 551 U.S. at 322; *see also*, *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1204 (N.D. Cal. 2014) (noting that publicly available websites are proper subjects of judicial notice); *Wible v. Aetna Life Ins. Co.*, 375 F. Supp. 2d 956, 965 (C.D. Cal. 2005) (granting judicial notice over two Amazon.com webpages).

## III.   LEGAL STANDARDS

### A. Motion to Dismiss Standard

Federal Rule of Civil Procedure 8 requires a plaintiff to present a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), a defendant may move to dismiss a pleading for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

To defeat a Rule 12(b)(6) motion to dismiss, the complaint must provide enough factual detail to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Labels, conclusions, and "a formulaic recitation of the elements of a cause of action will not do." *Id.* The complaint must also be "plausible on its face,"

allowing the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

A complaint may be dismissed under Rule 12(b)(6) for the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). When ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (2009) (internal quotation marks omitted).

In federal court, "[in] alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Rule 9(b) requires a plaintiff averring fraud to plead the 'who, what, when, where, and how' of the alleged misconduct." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Notably, "a fraud by omission claim can succeed without the same level of specificity required by a normal fraud claim" since plaintiffs in such cases "will not be able to specify the time, place, and specific content of an omission as precisely as would a plaintiff" in an affirmative misrepresentation case. Falk v. Gen. Motors Corp., 496 F. Supp. 2d 1088, 1098-99 (N.D. Cal. 2007); see also Sciacca v. Apple, Inc., 362 F. Supp. 3d 787, 799-800 (N.D. Cal. 2019) (applying the pleading standard of Rule 8 to an omission-based consumer protection claim).

This standard applies to Plaintiff's UCL, FAL, and CLRA claims. *See Kearns v. Ford Motor Co*., 567 F.3d 1120, 1125 (9th Cir. 2009) ("Rule 9(b)'s

particularity requirement applies to" UCL claims); *Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1117, 1122–23 (C.D. Cal. 2010) (FAL claims); *Vess*, 317 F.3d at 1103-04 (CLRA claims). "To avoid dismissal for inadequacy under Rule 9(b), a complaint [must] state the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Yumul*, 733 F. Supp. 2d at 1122 (internal quotation marks omitted). In other words, the allegations must plead the "who, what, when, where, and how of the misconduct charged." *Id*. at 1123 (internal quotations omitted).

If the court dismisses a complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *See Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

**B. Motion to Strike Standard**

Under Federal Rule of Civil Procedure 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  The function of a Rule 12(f) motion to strike "is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (quotation omitted) (overruled on other grounds in *Fogerty v Fantasy Inc.*, 510 U.S. 517 (1994)).  If there is any doubt as to whether the allegations might be an issue in the action, the motion should be denied. *Id*.

**IV. DISCUSSION**

Defendant argues that Plaintiff once again fails to meet the heightened pleading standards for fraud-based claims under Rule 9(b), particularly with respect

1  to falsity.  The Court agrees.

2      As noted in this Court's previous Order, claims that sound in fraud—

3  including those under the UCL, CLRA, and FAL— must satisfy the heightened

4  particularity requirement of Federal Rule of Civil Procedure 9(b) to survive

5  dismissal.  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009); *Vess v.*

6  *Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003).  To satisfy Rule

7  9(b), the plaintiff must "set forth what is false or misleading about a statement, and

8  why it is false." *Decker v. GlenFed, Inc.*, 42 F.3d 1541, 1548 (9th Cir. 1994).

9  "[T]he plaintiff is precluded from simply pointing to a defendant's statement,

10  noting that the statement conflicts with the current state of affairs, and then

11  concluding that the statement in question was false when made." *Smith v. Allstate*

12  *Ins. Co.*, 160 F. Supp. 2d 1150, 1153 (S.D. Cal. 2001).

13      In its previous Order, this Court found that Plaintiff failed to plead the

14  alleged falsity with the requisite specificity.  Order at 11.  Based solely on

15  Plaintiff's chosen testing parameters as well as studies presented by Plaintiff that

16  did not involve the Products, the Court was unable to make a reasonable inference

17  that Defendant's statements of "Pain Relief" were false when made.  *Id.* at 11, 12.

18  To address these deficiencies in his TAC, Plaintiff removed some of his specific

19  testing parameters and added allegations that the Products are supplements, not

20  drugs, and therefore lack the ability to relieve pain as it is currently felt.  TAC ¶ 31-

21  33.

22      First, while Plaintiff removed some of his specific testing parameters, the

23  allegations still attempt to show falsity via Plaintiff's own individual experiences,

24  which was the crux of the Court's concerns.  Again, the TAC alleges that the

25  Product stated that it would provide pain relief for "occasional muscle pain due to

26  exercise or overuse." TAC ¶ 12.  Plaintiff tested this theory by taking three

27  capsules daily for one week (as recommended by Defendant's packaging) while

28  exercising for one-half hour, five times that week.  *Id*. ¶ 21.  After exercising,

1   Plaintiff experienced muscle soreness and pain, and thus concluded that the Product
2   did not remove, alleviate, get rid of, reduce, or otherwise affect Plaintiff's exercise
3   induced muscle soreness and pain.  *Id.* ¶ 22.  After this one-week trial, Plaintiff
4   stopped using the Product.  *Id.* ¶ 23.  Once again, Plaintiff fails to allege why these
5   parameters are sufficient to prove falsity.  Plaintiff does not point to any
6   representations by Defendant that the Product would relieve his pain under such
7   parameters.  The Court once again finds that Plaintiff cannot establish falsity by
8   alleging the Product did not relieve his individual pain under these circumstances.

9   　　*Kwan v. SanMedica International*, as relied upon by Plaintiff, further
10  confirms such a finding.  No. 14-CV-03287-MEJ, 2015 WL 848868, at *4 (N.D.
11  Cal. Feb. 25, 2015), *aff'd* 854 F.3d 1088 (9th Cir. 2017).  The case confirms that
12  even without alleging fraud, a false advertising claim can only stand if the
13  advertisement "has actually been disproved, that is, if the plaintiff can point to
14  evidence that directly conflicts with the claim."  *Id.* at *4.  Plaintiff does not allege
15  that the Products fail to deliver any "advertised claims or results."  *Id.* at *4.  Again,
16  Plaintiff points to his own testing parameters and individual experiences separate
17  and apart from Defendant's general representations of "pain relief" for "occasional
18  muscle pain due to exercise or overuse."

19  　　With respect to the new allegations, Plaintiff alleges that because the
20  Products are supplements and thus "preventative" in nature, the Product is falsely
21  labeled as relieving pain "as it is currently felt."  TAC ¶ 18.  However, the Product
22  does not purport to be anything but a dietary supplement nor does it promise to
23  relieve pain "as it is currently felt." *See* TAC ¶ 14. Moreover, Plaintiff does not
24  allege specific facts demonstrating that "pain relief as it is currently felt" is a
25  common understanding of "pain relief for occasional muscle pain due to exercise or
26  overuse," as is promised on the Products. *Id.* Thus, Plaintiffs' additional allegations
27  do not move the needle in showing that Defendants' statements were affirmatively
28  "false when made."  *Smith*, 160 F. Supp. 2d at 1153.

1    With respect to the studies, Plaintiff fails to address the Court's concern that

2    these cited studies were not about the Products or anything similar to the Products.

3    *See Order* at 11.  As noted in *Kwan*, falsity can be shown by assertions that "one or

4    more authorities studied or tested the products at issue and demonstrated that their

5    claims are false" or "evidence exists demonstrating that the product claims are

6    categorically impossible to achieve."  2015 WL 848868, at *2.  The studies Plaintiff

7    cites do neither.  First, again, the studies are not about the Products or anything

8    similar to the Products—they are related only to the alleged active ingredient,

9    curcumin.  TAC ¶ 31.  Second, even were the studies about the Products or

10   something similar, the Court is puzzled as to how the study shows that the

11   Products' claims are impossible to achieve.  The Products claim to provide "pain

12   relief" for "occasional muscle pain due to exercise or overuse."  The studies cited

13   by Plaintiff show that taking curcumin "may result in enhanced recovery by

14   *reducing* inflammation and preventing muscle damage associated with exercise

15   over long periods of time spanning from weeks to months."  TAC ¶ 31 (emphasis

16   added).  Plaintiff appears to take issue with the "preventative" wording and how

17   this suggests future pain relief as opposed to immediate, but again, the Products

18   make no claim of immediate pain relief after one week of exercising.  Plaintiff has

19   simply pleaded conclusions of falsity, unsupported by the facts alleged.

20   Plaintiff again fails to meet the specificity requirements under Rule 9(b).

21   Accordingly, the Court **GRANTS** Defendant's Motion with respect to all claims.

22   The Plaintiff has now had three opportunities to amend his pleadings to sufficiently

23   state a claim.  Plaintiff does not adequately address this Court's concerns nor does

24   he state how further leave to amend would cure any deficiencies.  It is clear to the

25   Court that any further leave to amend would be futile.

26   Because the Court grants Defendant's Motion in full, it need not address the

27   additional requests to dismiss or strike other parts of the pleadings.

28   //

10

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Motion to dismiss Plaintiff's Third Amended Complaint, with prejudice.  All currently pending dates are hereby vacated.

**IT IS SO ORDERED.**

Dated: July 22, 2021

_____

HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE